OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Justine Michael, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Ellis, Appellee, v. The State of Ohio, Appellant.

[Cite as Ellis v. State (1992),      Ohio St.3d    .]

Criminal law -- Felonious assault -- Individual cannot assert a bona fide claim of self-defense when he uses non-lethal force to defend himself, when.

(No. 91-1329 -- Submitted May 12, 1992 -- Decided August 19, 1992.)

Appeal from the Court of Appeals for Franklin County, No. 90AP-1057.

This case arises from an action brought by appellee, Nathaniel E. Ellis, seeking compensation for wrongful imprisonment under R.C. 2305.02 and 2743.48.

In October 1981, Ellis was involved in a fight with Martin Wohlstein at Wohlstein's business. As a result of the altercation, Ellis was indicted for felonious assault. At his trial, Ellis asserted self-defense but was nevertheless convicted by a jury of the indicted offense. He was subsequently sentenced to five to fifteen years' imprisonment for the assault.

Upon appeal of his conviction, the court of appeals reversed and remanded for a new trial. During his retrial, Ellis again raised self-defense and was acquitted.

Ellis then filed an action in the Court of Common Pleas of Franklin County, pursuant to R.C. 2305.02, seeking a determination that he was a wrongfully imprisoned individual entitled to compensation under R.C. 2743.48. Holding as a matter of law that Ellis's acquittal following a claim of self-defense meant that Ellis was wrongfully imprisoned, the trial court ruled in Ellis's favor and found that he was entitled to compensation.

The state appealed the trial court's verdict to the court of appeals, which affirmed the trial court's holding that persons acquitted by reason of self-defense were entitled to compensation for wrongful imprisonment. The court of appeals, however, in effect reversed the trial court's determination that Ellis's acquittal operated as a matter of law to entitle Ellis to compensation. The court held that the state was not barred by collateral estoppel from contesting the factual determinations a claimant must prove in order to claim

compensation as a wrongfully imprisoned individual.

Upon the allowance of a motion and cross-motion to certify the record, this court addressed the court of appeals' rulings as to (1) the collateral estoppel effect of the acquittal of a defendant who asserted a claim of self-defense at trial and (2) whether a person acquitted by reason of self-defense may seek compensation for wrongful imprisonment. In all aspects, this court affirmed the judgment of the court of appeals, and the case was remanded to the court of common pleas for a new trial. Walden [Ellis] v. State (1989), 47 Ohio St.3d 47, 547 N.E.2d 962.

Upon remand, the court referred the matter to a referee ,who took testimony and issued a report and recommendation containing findings of fact and conclusions of law. Ellis testified before the referee that his purpose in entering Martin Wohlstein's business establishment was to retrieve his stepson, Antonne Cudgel ("Cudgel") from an altercation with Wohlstein's son, Jeff Wohlstein, which was taking place inside. According to Ellis, Martin Wohlstein swung at him as Ellis opened the door to the establishment, knocking Ellis's glasses from his face. Ellis testified he then returned a punch to the right side of Martin Wohlstein's face.

Martin Wohlstein also testified as to his recollection of the events concluding in the assault and, for the most part, his testimony of the altercation directly contradicted that of Ellis. Wohlstein denied hitting Ellis, and testified that Ellis struck him in the face with a gun after Wohlstein announced that he was going to call the police. Wohlstein also testified that the blow to his face required nine stitches, and in the referee's findings of fact, the referee reported that "the impression of a round object, approximately 3/8" to 1/2" in diameter * * * [was] imprinted and depressed upon the face of Mr. Wohlstein."

The referee found that even viewing Ellis's testimony in a light most favorable to him, Ellis had not discharged his burden of proof with respect to his claim of self-defense. The referee reached this conclusion in part by finding that Cudgel was the aggressor in the fight with Jeff Wohlstein. By coming to the aid of his stepson, the referee reasoned, Ellis stood in the shoes of an aggressor, and thus was not entitled to claim self-defense. The court of common pleas adopted the referee's report and recommendation and entered judgment for the state.

Upon appeal, the court of appeals reversed the trial court's judgment, finding that the trial court's ruling was not supported by the evidence. The court remanded the case to the trial court to resolve the differences in testimony between Wohlstein's version of the facts and Ellis's and to determine whether Ellis had acted in self-defense.

This cause is now before the court pursuant to the allowance of a motion to certify the record.

Wristen & Ucker Co., L.P.A., Ellen L. Wristen and David A. Ucker for appellee.

Lee I. Fisher, Attorney General, and Simon B. Karas; Michael Miller, Prosecuting Attorney, and William J. Owen, for appellant.

Per Curiam. In spite of the long and tortuous path this case has taken through the judicial system, our attention is now directed to a single issue: whether appellee had a bona fide claim of self-defense when he used non-lethal force to defend himself in response to an attack by a commercial landlord who allegedly struck appellee as he attempted to enter the landlord's business premises in order to retrieve his stepson from an altercation within. For the reasons set forth below, we hold that appellee did not prove by a preponderance of the evidence that he was justified in entering the business premises, and therefore appellee could not assert a bona fide claim of self-defense.

As discussed by the courts below and in our previous treatment of this case, Walden v. State, supra, this action arises as a result of Ellis's request to be declared a wrongfully imprisoned individual entitled to compensation pursuant to R.C. 2305.02 and 2743.48. Under both R.C. 2305.02 and former 2743.38(A)(4), now 2743.38(A)(5), in order to secure a declaration of wrongful imprisonment, the petitioner must demonstrate that the "offense of which he was found guilty, including all lesser-included offenses, either was not committed by him or was not committed by any person."

In Walden, we held that a person who was acquitted by reason of self-defense may seek compensation under these statutes, but that the judgment of acquittal was not to be given preclusive effect by the court. Id., 47 Ohio St.3d 47, 547 N.E.2d 962, paragraphs one and two of the syllabus. We also held that such person bears the burden of proving his innocence by a preponderance of the evidence, id. at paragraph three of the syllabus, and we affirmed the court of appeals' decision remanding the case to the court of common pleas for a hearing on Ellis's claim. This instant appeal arises from that hearing on remand.

As stated above, the trial court referred this matter upon remand to a referee who, after a hearing at which Ellis and Martin Wohlstein testified, entered his finding of facts and conclusions of law and recommended that judgment be rendered in favor of the state of Ohio. After receiving Ellis's objections to the referee's report, the court adopted the findings of fact and conclusions of law as its own, and entered judgment for the state.

The referee concluded that even if Ellis's testimony was accepted in full and Wohlstein's testimony was completely rejected, Ellis had not met his burden of proving by a preponderance of the evidence that he did not commit felonious assault or any lesser-included offense. Relying upon this court's holding in State v. Wenger (1979), 58 Ohio St.2d 336, 339, 12 O.O.3d 309, 311, 390 N.E.2d 801, 803, that "[a] person who intervenes in a struggle and has no duty to do so, acts at his own peril if the person assisted was in the wrong," and upon a notion that an aggressor has a duty to retreat, the referee concluded that Ellis could not avail himself of self-defense even if he intended merely to break up the altercation or rescue his stepson. The referee intimated that because the aggressor had the duty to retreat, one who seeks to aid an aggressor also has a duty to retreat and thus may not intervene.

The referee in his conclusions of law also made two statements that are pertinent to our review. First, the referee noted that "[t]he uncontroverted testimony is that Antonne Cudgel was the aggressor" in his confrontation with Jeff Wohlstein. Second, the referee found that "* * * Mr. Ellis had no legitimate right to enter into the business premises[,] and if Mr. Wohlstein attempted to prohibit his entrance or strike him as he entered in order to keep Mr. Ellis from joining the affray, it must still be concluded that Mr. Ellis was not legally justified in striking back."

The court of appeals rejected the referee's analysis and held that the referee's conclusions and recommendation were not supported by the findings of fact. In particular, the court found that the referee failed to resolve factual issues that were necessary to support the conclusion that Ellis did not have a legitimate right to enter the business and that Wohlstein had the right to use force to keep Ellis from entering the business. The court also faulted the referee's reliance upon an aggressor's duty to retreat when, under plaintiff's version of the facts, lethal force was not involved.

Although we agree with the court of appeals that the referee's report and recommendation are factually "thin," we find the chief problem with the referee's analysis to be his application of the law in Wenger. While it may be true, as found by the referee, that Ellis entered the Wohlstein premises to retrieve Cudgel from the affray and thus that Ellis sought to "aid" an aggressor, that fact alone would not deprive Ellis of a right to self-defense. Merely attempting to stop an altercation, without the use of force against the aggressor's victim, is not the type of activity this court sought to address in Wenger.

Wenger stands for the simple proposition that one who uses force to intervene in a conflict on behalf of another may not invoke a privilege of self-defense if the person defended was the aggressor in the conflict. 58 Ohio St.2d at 339-340, 12 O.O.3d at 311, 390 N.E.2d at 803. Such use of force involves more than merely removing the aggressor from a conflict; the term normally denotes force directed against the aggressor's victim in the defense of the aggressor. Accord Prosser & Keeton, Law of Torts (5 Ed.1984) 129-131, Section 20. Here, Ellis's action was not directed against the victim of the aggression, but rather against a third party, Martin Wohlstein. The referee, by failing to find that Ellis used force on behalf of Cudgel and against Jeff Wohlstein, erred in concluding that Ellis was coming to the aid of an aggressor and was thus without a privilege of self-defense.

Although we agree with the court of appeals that the referee's analysis was flawed, we nevertheless conclude that the trial court's judgment for the state of Ohio was correct. We reiterate that the claimant in a wrongful imprisonment action against the state has the burden of demonstrating his innocence by a preponderance of the evidence. In this context, that proposition required Ellis to bear the burden of proving that he had a valid claim to self-defense. To discharge that burden, it was not sufficient for Ellis to prove merely that he was defending himself from attack. In order to take into account a landlord's privilege to use reasonable, non-lethal

force to defend his business from trespassers, In re Sekulich (1981), 65 Ohio St.2d 13, 16, 19 O.O.3d 192, 194, 417 N.E.2d 1014, 1016, Ellis also needed to prove that he was justified in entering the business premises, and that the landlord was acting without justification when the landlord used force against him. Thus, Ellis bore the burden of proving that he was entitled to enter the business, either as an invitee or under some other privilege. This he did not do.

The referee's statement that Ellis "had no legitimate right to enter into the business premises," although appearing in the "conclusions of law" portion of the report and recommendation, by necessity implies that the business was not open to the public. It thus appears that, at least on this issue, the referee weighed the testimony presented and concluded that Ellis failed to demonstrate by a preponderance of the evidence that he was privileged to enter the Wohlstein business at the time of the altercation. We find sufficient evidence in the record to support the referee's conclusion.

Ellis advances no other privilege, such as the defense of a non-aggressor, to justify his entrance into the business premises,[1] and thus we can only conclude that Ellis entered the Wohlstein business as a trespasser. A trespasser is not entitled to assert self-defense to justify an assault upon another who legitimately used non-lethal force to exclude him from the property. Thus, we conclude that because Ellis failed to show that he was justified in entering the business property, Ellis could not justify his assault upon Martin Wohlstein on the basis of self-defense. Accordingly, we reverse the judgment of the court of appeals and enter judgment for the state of Ohio.

Judgment reversed.

Moyer, C.J., Sweeney, Holmes, Douglas, Wright, H. Brown and Resnick, JJ., concur.

FOOTNOTES:

1 Even if Ellis had invoked the defense of Cudgel as a justification for his entrance upon the business property, it is uncontroverted that Cudgel was the aggressor and not the victim in his altercation with Jeff Wohlstein. As we stated above, Ellis bore the burden of proving not only that he acted in self-defense, but also that he was justified in entering the business property of another. Only by proving that Cudgel was not the aggressor could Ellis justify his trespass.