RATCLIFF, Appellant,

v.

The STATE of Ohio, Appellee.

[Cite as *Ratcliff v. State* (1994), 94 Ohio App.3d 179.]

Court of Appeals of Ohio,
Pickaway County.

No. 92 CA 40.

Decided March 31, 1994.

*Gerald G. Simmons* and *Lewis E. Williams,* for appellant.

*Lee Fisher,* Attorney General, and *Simon B. Karas,* Assistant Attorney General, for appellee.

PETER B. ABELE, Judge.

This is an appeal from a judgment entered by the Pickaway County Common Pleas Court finding that Terry Ratcliff, plaintiff below and appellant herein, failed to sustain his burden of proving by a preponderance of the evidence that he was a wrongfully imprisoned individual eligible for compensation pursuant to R.C. 2743.48.

Appellant assigns the following error:

"The trial court erred in finding appellant failed to meet his burden of proof. This finding is not sustained by the manifest weight and sufficiency of the evidence introduced at trial."

On March 10, 1982, the Pickaway County Common Pleas Court convicted appellant of carrying a concealed weapon and sentenced him to serve two to ten years in prison. In *State v. Ratcliff* (Oct. 26, 1983), Pickaway App. No. 82 CA 13, unreported, 1983 WL 14069, we reversed appellant's conviction. We found insufficient evidence to prove beyond a reasonable doubt that the open pocket knife appellant carried in his pocket was possessed or used as a weapon. Appellant spent approximately nineteen months in prison before his release.

On June 7, 1989, appellant filed the instant complaint in the Pickaway County Common Pleas Court seeking a determination that he was a "wrongfully imprisoned individual" as defined in R.C. 2743.48. The court heard the matter on April 4, 1991. On October 30, 1992, the court issued an opinion. The court framed the issue in pertinent as follows:

"There is no question but that this knife is an instrument capable of inflicting death or great bodily harm, even though it was not used as a weapon at the time of his arrest. The focus of the Court must be whether the knife was designed or specifically adapted for use as a weapon or possessed or carried as a weapon."

The court noted that appellant made various statements concerning why he carried the knife on that particular night. The court also noted that appellant had several prior convictions and had completed probationary periods restricting his rights to carry weapons. The court found that appellant failed to meet his burden of proving by a preponderance of the evidence that he did not use, possess, or carry the knife as a weapon. On November 16, 1992, the court entered judgment finding that appellant failed to prove he was a wrongfully imprisoned individual.

Appellant filed a timely notice of appeal.

In his sole assignment of error, appellant asserts the court's finding is against the weight of the evidence. Appellant argues the trial court should have found that he is a wrongfully imprisoned individual.

R.C. 2305.02 grants common pleas courts jurisdiction to determine whether an individual is a "wrongfully imprisoned individual" as defined in R.C. 2743.48(A). R.C. 2743.48(A) provides in pertinent part:

"(A) As used in this section, a 'wrongfully imprisoned individual' means an individual who satisfies each of the following:

"(1) He was charged with a violation of a section of the Revised Code by an indictment or information prior to, or on or after, September 24, 1986, and the violation charged was an aggravated felony or felony.

"(2) He was found guilty of, but did not plead guilty to, the particular charge or a lesser-included offense by the court or jury involved, and the offense of which he was found guilty was an aggravated felony or felony.

"(3) He was sentenced to an indefinite or definite term of imprisonment in a state penal or reformatory institution for the offense of which he was found guilty.

"(4) The individual's conviction was vacated or was dismissed, or reversed on appeal, the prosecuting attorney in the case cannot or will not seek any further appeal of right or upon leave of court, and no criminal proceeding is pending, can be brought or will be brought by any prosecuting attorney, city director of law, village solicitor, or other chief legal officer of a municipal corporation against the individual for any act associated with that conviction.

"(5) Subsequent to his sentencing and during or subsequent to his imprisonment, it was determined by a court of common pleas that the offense of which he

was found guilty, including all lesser included offenses, either was not committed by him or was not committed by any person."

If the common pleas court finds an individual to have been wrongfully imprisoned, then the individual may file a civil action in the court of claims to recover a sum of money for the wrongful imprisonment. The court of claims has jurisdiction to determine the amount due. R.C. 2743.48(D).

In *Gover v. State* (1993), 67 Ohio St.3d 93, 616 N.E.2d 207, syllabus, the court held that R.C. 2743.48 claimants have the burden of proving that they were not engaging in criminal conduct at the time in question:

"Claimants seeking compensation for wrongful imprisonment must prove that at the time of the incident for which they were initially charged, they were not engaging in any other criminal conduct arising out of the incident for which they were initially charged."

In *Walden v. State* (1989), 47 Ohio St.3d 47, 547 N.E.2d 962, paragraph three of the syllabus, the court held that the claimant bears the burden of proving his innocence by a preponderance of the evidence:

"In a proceeding under R.C. 2305.02, the claimant bears the burden of proving his innocence by a preponderance of the evidence." See, also, *Gover*, 67 Ohio St.3d at 95, 616 N.E.2d at 207.

We note that the fact that an appellate court's reversal of a criminal conviction does not require a court to find that the claimant was not engaging in criminal conduct at the time in question. Evidence insufficient to prove guilt beyond a reasonable doubt does not necessarily prove innocence by a preponderance of the evidence. If the legislature had intended all persons whose convictions are reversed based upon insufficiency of the evidence to receive compensation for wrongful imprisonment, the legislature would have written R.C. 2743.48 in such a manner.

In the case *sub judice*, we must determine not whether appellant presented sufficient proof that he is a wrongfully imprisoned individual, but rather we must determine whether the court's judgment to the contrary is supported by competent, credible evidence. When reviewing evidence presented at trial, an appellate court must not reweigh the evidence. In *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus, the Ohio Supreme Court held:

"Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." See, also, *Vogel v. Wells* (1991), 57

Ohio St.3d 91, 566 N.E.2d 154; *Ross v. Ross* (1980), 64 Ohio St.2d 203, 18 O.O.3d 414, 414 N.E.2d 426.

An appellate court should not substitute its judgment for that of the trial court when there exists competent, credible evidence going to all the essential elements of the case. In *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 411–412, 461 N.E.2d 1273, 1276, the court wrote:

"The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony."

We find that the court's judgment in the case *sub judice* is supported by competent, credible evidence. Appellant testified that he normally carried his knife in a closed position. The fact that appellant carried the knife in an open position in his jacket pocket indicates he carried or possessed the knife as a weapon. Other facts adduced at the trial indicate that appellant carried or possessed the knife as a weapon: (1) appellant carried the knife while walking in a dark alley behind a bar in the early morning hours; (2) appellant admitted he lied when he told the officer that he carried the knife for rabbit-hunting purposes; (3) appellant had been placed on probation in 1973 with a specific instruction not to carry a knife; (4) appellant previously had pleaded guilty to carrying a concealed straight razor as a weapon; (5) appellant admitted that the knife in his possession on the night in question could be used to inflict great bodily harm; (6) at the time of the offense in question, appellant was on probation with a specific instruction not to carry a weapon; and (7) appellant admitted he had been arrested once for a switchblade offense. We recognize the difficult burden appellant faced in proving his innocence. Nevertheless, we find the record contains competent, credible evidence to support the trial court's judgment that appellant failed to prove his innocence by a preponderance of the evidence.

Accordingly, based upon the foregoing reasons, we overrule appellant's assignment of error.

*Judgment affirmed.*

HARSHA, P.J., concurs.

GREY, J., dissents.

GREY, Judge, dissenting.

I respectfully dissent.

It is quite rare that this court will intervene and reverse on the grounds that the evidence is insufficient. We have only done it a few times in all my years on

the court, and only when it was absolutely clear that no crime had been committed.

We did that in appellant Ratcliff's case because there was no evidence of any crime having been committed. What happened was that the police ran into Ratcliff who was drunk, staggering around in an alley with an open knife in his pocket, and as such constituted a danger to himself alone. He was also an obnoxious drunk, *e.g.*, his sarcasm about using the knife for hunting rabbits. As a result of his obstreperous behavior, he was wrongfully charged with a felony and imprisoned on that charge. It was left to this court to enter the only proper judgment in the case.

This court did not reverse on any technicality or failure of the state's proof. We reversed because after the state presented all the evidence it had, and the only conclusion that could be reached was that Ratcliff was innocent of the crime with which he was charged.

When the legislature adopted R.C. 2743.48, it did not limit the application of the statute to "nice people," nor did it equate legal innocence with moral character. Ratcliff is not a nice person. He is a police character with a record of petty crimes and an obnoxious drunk, but I am proud of the fact that when his appeal came before this court, it was decided on the basis on the facts in the case and not on the status of the defendant.

Ratcliff was wrongfully convicted because he was innocent of the charge, and so we reversed. The legislature has ordered that people wrongfully convicted shall receive compensation. Now we are holding that Ratcliff was wrongfully convicted, but not so innocent (of what I don't know) so that he should not be compensated.

I suppose an appellate court should be more concerned about liberty interests, and be content that we did our duty in reversing the wrongful conviction. But to waffle now, because it involves a monetary interest, seems to be a retreat from the previous moral position this court took.

I would not so retreat, and thus I must dissent.