JOURNAL ENTRY and OPINION
Michael Enovitch appeals from a decision of the common pleas court granting summary judgment in favor of the State of Ohio, thereby denying his request for a determination pursuant to R.C. 2743.48(A)(5) that the offense for which he had been found guilty had not been committed by him or any person. On appeal, he urges the trial court erred in granting summary judgment against him because his criminal conviction had been vacated by our court of appeals, and he now claims entitlement to damages from the State of Ohio for wrongful imprisonment. After reviewing the record before us, we have determined that the court did err when it granted summary judgment in favor of the State of Ohio and we remand this matter to the trial court for further proceedings consistent with this opinion.
The record reveals that on October 26, 1995, Michael Enovitch and nine of his friends attended a party in Parma, Ohio, at the home of Jamie Barts, Maris Hamro, Jeff Pudelski and Jason Gartman. One of Enovitch's friends, Vito Mazzeio, got into an argument with Michael Gyron, another guest at the party. A physical altercation followed between the two and after it had broken up, someone threw a punch which initiated a brawl between Enovitch and his friends against Pudelski, Gartman, and their friends, Joseph LiPuma and Josh Whelan.
Gartman suffered multiple facial contusions and a deep cut over his eyebrow as a result of being punched in the head and having his head rammed into a steel beam. LiPuma suffered multiple injuries to his head, lost his peripheral vision and chipped a tooth after being kicked and thrown against a wall. Pudelski also suffered head injuries.
A grand jury indicted Enovitch on one count of felonious assault of Joseph LiPuma, one count of felonious assault of Jason Gartman, and one count of simple assault of Jeff Pudelski. Following trial, the jury returned a verdict finding him guilty of felonious assault of Gartman and guilty of aggravated assault of LiPuma, but not guilty of the assault on Pudelski; the court immediately sentenced him and denied his motion for release on bond pending appeal. Our court, however, granted bond and ordered Enovitch released from incarceration pending appeal. After full consideration of the case on appeal, we reversed the conviction for felonious assault, finding the state did not produce sufficient evidence of Enovitch's guilt, and we also reversed his conviction for aggravated assault due to an error in the jury instructions given by the court.
Subsequently, on January 12, 1999, Enovitch filed the instant complaint against the state, seeking a determination that he had been wrongfully imprisoned. The state then moved for summary judgment, claiming that mere reversal of his conviction failed to satisfy the requirement of R.C.2743.48, and urging that reversal of a conviction based on insufficient evidence did not render Enovitch innocent of criminal activity. In reply, Enovitch maintained that reasonable minds could conclude that he did not engage in criminal conduct at the time of the fight because two eyewitnesses, Shane Thompson and Mark Uhrina, both testified that he acted in self defense in his effort to get away from Pudelski, and therefore a genuine issue of material fact existed as to whether he had engaged in criminal activity. The trial court granted the state's motion for summary judgment and Enovitch now appeals, and sets forth the following assignment of error for our review:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT GRANTED SUMMARY JUDGMENT IN FAVOR OF DEFENDANT APPELLEE.
Enovitch asserts the court improperly granted summary judgment in this case claiming, pursuant to R.C. 2743.48, entitlement to a determination that he had been wrongfully imprisoned. The state, however, urges the court properly entered summary judgment urging that Enovitch has not established that he did not commit these offenses as required by R.C.2743.48.
Thus, we are concerned with whether the court properly granted summary judgment in this instance.
We begin by noting that pursuant to Civ.R. 56, summary judgment is proper when:
 (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made.
Further, R.C. 2743.48 states in relevant part:
 (A) As used in this section, a wrongfully imprisoned individual means an individual who satisfies each of the following:
 (1) He was charged with a violation of a section of the Revised Code by an indictment or information prior to, or on or after, September 24, 1986, and the violation charged was an aggravated felony or felony.
 (2) He was found guilty of, but did not plead guilty to, the particular charge or a lesser-included offense by the court or jury involved, and the offense of which he was found guilty was an aggravated felony or felony.
 (3) He was sentenced to an indefinite or definite term of imprisonment in a state correctional institution for the offense of which he was found guilty.
 (4) The individual's conviction was * * * reversed on appeal * * *.
 (5) Subsequent to his sentencing and during or subsequent to his imprisonment, it was determined by a court of common pleas that the offense of which he was found guilty, including all lesser-included offenses, either was not committed by him or was not committed by any person.
We are principally concerned on this appeal with the court's action in granting summary judgment on Enovitch's complaint seeking a determination with respect to whether the offenses he had been found guilty of committing had in fact been committed by him as delineated in subpart (5) of this statute. The parties here have opposing viewpoints, each grounded firmly in law.
In considering a complaint for wrongful imprisonment, the court in Gover v. State (1993), 67 Ohio St.3d 93, stated in its syllabus:
 Claimants seeking compensation for wrongful imprisonment must prove that at the time of the incident for which they were initially charged, they were not engaging in any other criminal conduct arising out of the incident for which they were initially charged.
In this regard, Enovitch claims in his brief that because his two eyewitnesses testified that he acted in self-defense, a genuine issue of material fact exists as to whether he did in fact engage in criminal activity.
Further, in Chandler v. State (1994), 95 Ohio App.3d 142, (citing) Walden v. State (1989), 47 Ohio St.3d 47, this court stated:
 [t]he wrongful imprisonment statutes were intended to compensate the innocent for wrongful imprisonment. They were never intended, however, to compensate those who had merely avoided criminal liability.
Thus, the state's position is that because the jury did not exonerate Enovitch but rather returned a verdict of guilty against him, and because this court reversed his convictions on the basis of insufficiency of evidence and an improper jury instruction, he merely avoided criminal liability, and has not demonstrated his innocence nor obtained a determination from the common pleas court that he did not commit these offenses.
Finally, in Ratcliff v. State (1994), 94 Ohio App.3d 179, after citing Walden v. State (1989), 47 Ohio St.3d 47 and noting that in a R.C. 2305.02
proceeding, the claimant bears the burden of proving innocence by a preponderance of evidence, the court stated:
 * * * an appellate court's reversal of a criminal conviction does not require a court to find that the claimant was not engaging in criminal conduct at the time in question. Evidence insufficient to prove guilt beyond a reasonable doubt does not necessarily prove innocence by a preponderance of the evidence.
Therefore, upon review of this appeal, we have concluded that a genuine issue of material fact exists as to whether Enovitch engaged in criminal conduct or whether he had been justified in engaging in the altercation on the basis of self-defense. Therefore, we have concluded that the court erred when it granted summary judgment in favor of the State of Ohio. Accordingly, this assignment of error is well taken and the judgment of the court is reversed and this matter is remanded for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
It is, therefore, considered that said appellant recover of appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J., and ANNE L. KILBANE, J., CONCUR
 ______________________ PRESIDING JUDGE TERRENCE O'DONNELL