DECISION.
Plaintiff-appellant Cheryl Massey appeals from the trial court's judgment denying her petition to be declared a wrongfully imprisoned person pursuant to R.C. 2743.48. Finding no error, we affirm.
 I. Procedural History
In July 1997, a jury found Massey guilty of felony child endangering, in violation of R.C. 2919.22(A). Massey was sentenced to four years in prison. Massey appealed her conviction. This court held that insufficient evidence had been adduced at trial to support Massey's conviction and reversed the judgment of conviction. Massey was discharged from custody in June 1998, having spent approximately one year in prison.
In June 2000, Massey filed a petition in the court of common pleas seeking a judicial determination that she had been a wrongfully imprisoned person. At trial on her petition before a magistrate of the common pleas court, Massey and the state jointly submitted as evidence the transcript of Massey's criminal trial. After review of the evidence, the magistrate determined that Massey had not been a wrongfully imprisoned person, as defined in R.C. 2743.48(A), and denied her petition to be so declared. After Massey objected, the trial court adopted the magistrate's decision as its own judgment and denied her petition to be declared a wrongfully imprisoned person.
On appeal, Massey claims (1) that the trial court's decision was erroneous as a matter of law, and (2) that the court erred to her prejudice in denying her the status of a wrongfully imprisoned person. We address both assignments of error together.
 II. "Wrongfully Imprisoned Person" Action for Damages
The Ohio Revised Code provides a two-step process whereby a person claiming wrongful imprisonment may sue the state of Ohio for damages incurred due to the allegedly wrongful imprisonment.[1] The first step, an action in the common pleas court under R.C. 2305.02, is to seek a preliminary factual determination of wrongful imprisonment; the second, an action in the Court of Claims under R.C. 2743.48, is to obtain damages.[2]
Before filing an action for damages in the Court of Claims, a petitioner must establish that (1) she was convicted of a felony; (2) she was sentenced for that conviction; (3) the conviction was vacated, dismissed, or reversed; (4) no further prosecution was attempted or allowed for that conviction or any act associated with that conviction; and (5) the offense was not committed by the petitioner or was not committed at all.[3] While the wrongful-imprisonment statutes are intended to compensate the innocent for wrongful imprisonment, they are not intended to compensate those who have merely avoided criminal liability.[4]
A previous finding of not guilty is not sufficient to establishinnocence. A petitioner seeking to prove a claim for wrongful imprisonment must produce more evidence than a judgment of acquittal, which is merely a judicial finding that the state has not proved its case beyond a reasonable doubt.[5] The petitioner carries the burden of proof in affirmatively establishing her innocence under R.C.2743.48(A)(5).[6] Because a judgment of acquittal is not to be given controlling effect in a proceeding under R.C. 2305.02 and 2743.48(A),[7]
"the very same transcript of a criminal proceeding which results in a conviction and which is subsequently overturned on the weight or sufficiency of the evidence may nonetheless be insufficient to support a claimant's innocence by a preponderance of the evidence."[8]
An appellate court's reversal of a criminal conviction does not require a common pleas court to find that the petitioner was not engaging in criminal conduct at the time in question.[9] Evidence insufficient to prove guilt beyond a reasonable doubt does not necessarily prove innocence by a preponderance of the evidence.[10] A petitioner seeking compensation for wrongful imprisonment must prove that, at the time of the incident for which she was charged, she was not engaging in any criminal conduct arising out of the incident.[11]
In this case, we must determine not whether Massey presented sufficient proof that she was a wrongfully imprisoned person, but whether the court's judgment to the contrary was supported by competent, credible evidence.[12] When reviewing the evidence presented at trial in a civil case, an appellate court must not reweigh the evidence.[13]
 III. The Child-Endangering Statute
R.C. 2929.22(A) provides, in pertinent part, that no person who is the parent of a child under eighteen years old shall create a substantial risk to the child's health or safety. If a violation of the statute results in serious physical harm to the child, the offense is a felony of the third degree. The culpable mental state of recklessness is an essential element of endangering children under R.C. 2919.22(A).[14]
Recklessness is defined in R.C. 2901.22(C): "A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."
 IV. The Trial Court's Findings
The magistrate's decision, which was adopted fully by the trial court, laid out the evidence supporting the ruling that Massey had not proved her innocence by a preponderance of the evidence. The facts indicated that Massey was feeding her four young children when Jasmine, her two-and-one-half-year-old daughter, defecated on herself. Massey put Jasmine in the bathtub. When Jasmine's brother, Justin, went into the bathroom and threw some objects into the tub, Massey chased him out of the bathroom, leaving Jasmine alone in the tub.
Massey told an investigator that she had left Jasmine alone for a period of time between thirty seconds and four minutes. In a tape-recorded statement, Massey later told the investigator that she had turned around for a few seconds to find some shampoo or soap. Massey noticed that Jasmine's eyes were rolling back into her head. Massey took Jasmine from the bathtub and placed her on a nearby toilet seat, and Jasmine slid off, striking her head. Massey again placed Jasmine on the toilet seat, only to have her fall off again and strike her head.
Massey called for emergency assistance, and when the Cincinnati police responded, they found Jasmine crying in Massey's arms. Jasmine was taken to Children's Hospital, where Jasmine was observed for three days before being released to Massey.
After reciting the evidence upon which he relied, the magistrate concluded that Massey had failed to satisfy her burden of proving by a preponderance of the evidence that she had not recklessly created a substantial risk to Jasmine's health or safety. Based on the record and the findings adopted by the trial court, we hold that competent, credible evidence supported the determination that Massey had not proven by a preponderance of the evidence that she had not recklessly created a substantial risk to Jasmine's health or safety. Accordingly, we overrule both assignments of error and affirm the trial court's judgment.
Judgment affirmed.
Sundermann, J., concurs.
Painter, P.J., dissents.
[1] See State ex rel. Tubbs Jones v. Suster (1998), 84 Ohio St.3d 70,72, 701 N.E.2d 1002, 1005; Walden v. State (1989), 47 Ohio St.3d 47,49, 547 N.E.2d 962, 964.
[2] See Suster, supra.
[3] R.C. 2305.02 and 2743.48(A).
[4] See Walden, supra, at 52, 547 N.E.2d at 967.
[5] See Suster, supra; Ellis v. State (1992), 64 Ohio St.3d 391,393, 596 N.E.2d 428, 430.
[6] Walden, supra, paragraph three of syllabus.
[7] Id. at paragraph two of syllabus.
[8] Chandler v. State (1994), 95 Ohio App.3d 142, 149, 641 N.E.2d 1382,1386.
[9] Ratcliff v. State (1994), 94 Ohio App.3d 179, 180, 640 N.E.2d 560,562.
[10] See id.; Enovitch v. State (Oct. 12, 2000), Cuyahoga App. No. 76939, unreported.
[11] Gover v. State (1993), 67 Ohio St.3d 93, 616 N.E.2d 207, syllabus.
[12] Ratcliff v. State (1994), 94 Ohio App.3d 179, 182, 640 N.E.2d 560,562; Page v. State (Aug. 8, 1989), Franklin App. No. 89AP-222, unreported; Miller v. State (Nov. 21, 1997), Lucas App. No. L-97-1009, unreported, appeal not allowed (1998), 81 Ohio St.3d 1472,690 N.E.2d 1290.
[13] C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279,376 N.E.2d 578, syllabus.
[14] State v. McGee (1997), 79 Ohio St.3d 193, 680 N.E.2d 975, syllabus.