[Cite as *Jones v. State*, 2011-Ohio-3075.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
### No. 96184

## SHIGALI JONES

PLAINTIFF-APPELLANT

vs.

## STATE OF OHIO

DEFENDANT-APPELLEE

## JUDGMENT:
## AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-729017

**BEFORE:** Kilbane, A.J., Celebrezze, J., and S. Gallagher, J.

RELEASED AND JOURNALIZED:   June 23, 2011


ATTORNEY FOR APPELLANT

Paul Mancino, Jr.
75 Public Square, Suite 1016
Cleveland, Ohio 44113-2098

ATTORNEYS FOR APPELLEE

William D. Mason
Cuyahoga County Prosecutor
Michael A. Dolan
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, A.J.:

{¶ 1}   Plaintiff-appellant, Shigali Jones (Jones), appeals from the trial court's   decision granting summary judgment in favor of defendant-appellee, the state of Ohio (State).   Finding no merit to the appeal, we affirm.

{¶ 2}   In October 2005, "Jones was charged with attempted murder, two counts of aggravated robbery, and two counts of felonious assault, all with

firearm specifications." *State v. Jones*, Cuyahoga App. No. 88203, 2007-Ohio-1717, ¶2 (*Jones I*). The matter proceeded to a jury trial, at which he was convicted of "attempted murder and two counts of felonious assault with the accompanying gun specifications. The trial court sentenced Jones to an aggregate of thirteen years in prison." Id. at ¶10. Jones appealed to this court, challenging his convictions and sentence. See *Jones I*. On appeal, this court reversed his convictions and remanded the matter for a new trial. Id. at ¶35. Jones was retried and acquitted of all charges in August 2007.

{¶ 3} Thereafter, Jones filed the instant complaint for declaratory relief against the State, seeking to have the trial court determine that he was a wrongfully imprisoned person pursuant to R.C. 2305.02 and 2743.48. The State filed an answer and moved for summary judgment.[1] The State argued that Jones is not a wrongfully imprisoned person because his incarceration resulted from the revocation of his parole on his 1990 case, and he was engaged in criminal conduct at the time he was arrested.[2] Jones opposed,

---

[1] Jones claims that an unnamed party, the "Cuyahoga County Board of Commissioners," filed a motion for summary judgment. While the Cuyahoga County Prosecutor's Office did file a motion for summary judgment on behalf of the Board of Commissioners, the Prosecutor's Office also filed a motion for summary judgment on behalf of the State, which the trial court granted. As such, we find Jones's claim unpersuasive.

[2] In Case No. CR-238869 (1990 case), Jones was convicted of kidnapping, aggravated robbery, gross sexual imposition, and possession of criminal tools. The trial court sentenced him to six to twenty-five years in prison. Jones was granted

arguing that he was imprisoned for the instant case and not the 1990

conviction. The trial court granted the State's motion, finding that:

> **"[Jones] was on post release control, formerly referred to as parole, at the time he was arrested and indicted on the aforementioned charges. * * * The court finds that [Jones] is not a wrongfully imprisoned person as [defined in R.C. 2743.48 because he] has failed to show any evidence of a determination of a court of common pleas showing the offenses he was convicted of were not committed by him or any other person. [Jones] has provided evidence of a jury determination that the [State] had failed to meet their burden of proving [his] guilt beyond a reasonable doubt. This falls short of providing evidence of a determination that the offenses were not committed by him or any person. In [*Gover v. Ohio* (1993), 67 Ohio St.3d 93, 616 N.E.2d 207], the court held that claimants seeking compensation for wrongful imprisonment must prove that at the time of the incident for which they were initially charged, they were not engaging in any other criminal conduct arising out of the incident for which they were initially charged. [The State] submitted an affidavit from [Jones's] parole officer attesting to the facts that [Jones's] parole was revoked four months before his conviction for possession of a firearm, failure to report contact with law enforcement, failure to report arrest, and associating with individuals with criminal histories. [Jones] has failed to submit any evidence disputing the parole officer's account as recited in her affidavit. This court finds that possession of a firearm by a convicted felon is criminal conduct. Summary judgment is hereby granted in favor of [the State.]"**

---

parole in September 2003. Jones was on parole when he was arrested in connection with Case No. CR-471599. In November 2005, Jones was found to be in violation of his parole and was sent back to prison. He remained in prison until March 15, 2010, for his parole violation in the 1990 case.

{¶ 4}  It is from this order that Jones appeals, raising the following two assignments of error for review.

ASSIGNMENT OF ERROR ONE

**"[Jones] was denied due process of law when the court granted [the State's] motion for summary judgment[.]"**

ASSIGNMENT OF ERROR TWO

**"[Jones] was denied due process of law when the court granted a motion for summary judgment based upon a ground not identified by [the State.]"**

Standard of Review

{¶ 5}  Appellate review of summary judgment is de novo.  *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241; *Zemcik v. LaPine Truck Sales & Equip. Co.* (1998), 124 Ohio App.3d 581, 585, 706 N.E.2d 860.   The Ohio Supreme Court set forth the appropriate test in *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 369-370, 1998-Ohio-389, 696 N.E.2d 201, as follows:

> "Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor.  *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus.   The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274."

**{¶ 6}** Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); *Mootispaw v. Eckstein*, 76 Ohio St.3d 383, 385, 1996-Ohio-389, 667 N.E.2d 1197. Doubts must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359, 1992-Ohio-95, 604 N.E.2d 138.

### Wrongful Imprisonment

**{¶ 7}** "The Ohio Revised Code provides a two-step process whereby a person claiming wrongful imprisonment may sue the State for damages incurred due to the alleged wrongful imprisonment." *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 72, 1998-Ohio-275, 701 N.E.2d 1002, citing *Walden v. State* (1989), 47 Ohio St.3d 47, 547 N.E.2d 962. The first action, in the common pleas court, seeks a preliminary factual determination of wrongful imprisonment. Id. The second action, in the Court of Claims, provides for damages. Id.

**{¶ 8}** A "wrongfully imprisoned individual" is defined in R.C. 2743.48(A) as an individual who satisfies each of the following requirements:

> **"(1) The individual was charged with a violation of a section of the Revised Code by an indictment or information prior to, or on or after, September 24, 1986, and the violation charged was an aggravated felony or felony.**

**"(2) The individual was found guilty of, but did not plead guilty to, the particular charge or a lesser-included offense by the court or jury involved, and the offense of which the individual was found guilty was an aggravated felony or felony.**

**"(3) The individual was sentenced to an indefinite or definite term of imprisonment in a state correctional institution for the offense of which the individual was found guilty.**

**"(4) The individual's conviction was vacated or was dismissed, or reversed on appeal, the prosecuting attorney in the case cannot or will not seek any further appeal of right or upon leave of court, and no criminal proceeding is pending, can be brought, or will be brought by any prosecuting attorney, city director of law, village solicitor, or other chief legal officer of a municipal corporation against the individual for any act associated with that conviction.**

**"(5) Subsequent to sentencing and during or subsequent to imprisonment, an error in procedure resulted in the individual's release, or it was determined by a court of common pleas that the offense of which the individual was found guilty, including all lesser-included offenses, either was not committed by the individual or was not committed by any person."**[3]

{¶ 9} In a wrongful imprisonment claim, the petitioner bears the burden of proving beyond a preponderance of the evidence his or her innocence. *Suster* at 72. The Ohio Supreme Court has found that "a previous finding of **not guilty** is not sufficient to establish **innocence**. The

---

[3] We note that the wrongful imprisonment statutes were intended to compensate the innocent for wrongful imprisonment. *Walden* at 49. The statutes were never intended to compensate "'those who have merely avoided criminal liability.'" *Gover* at 95, quoting *Walden*.

petitioner * * * must produce more evidence than a judgment of acquittal, which is merely a judicial finding that the state did not prove its case beyond a reasonable doubt. *Ellis v. State* (1992), 64 Ohio St.3d 391, 393, 596 N.E.2d 428, 430." (Emphasis in original.) Id. at 72.

{¶ 10} In the instant case, Jones was initially convicted and subsequently acquitted of attempted murder, two counts of felonious assault, and accompanying gun specifications. He argues that his subsequent acquittal satisfies his burden that he did not engage in any criminal conduct at the time of the incident. Jones further argues that his acquittal presented an issue of fact that could not be decided on summary judgment.

{¶ 11} However, "[t]he fact that a reviewing court reverses a criminal conviction does not require a trial court to find that the petitioner was not engaging in any criminal conduct at the time of incident. *Ratcliff v. State* (1994), 94 Ohio App.3d 179, 640 N.E.2d 560. Evidence insufficient to prove guilt beyond a reasonable doubt does not necessarily prove innocence by a preponderance of the evidence as required by R.C. 2743.48. Id. Moreover, reversal on insufficiency of the evidence does not automatically mean an individual was wrongfully imprisoned. *Chandler v. State* (1994), 95 Ohio App.3d 142, 641 N.E.2d 1382." *Rodriguez v. Petro*, Cuyahoga App. No. 87548, 2006-Ohio-5572, ¶11. As the *Chandler* court stated:

"[A] judgment of acquittal is not to be given preclusive effect in a proceeding under R.C. 2305.02 and 2743.48(A). *Walden*, supra. 'As a general rule, a verdict or judgment of acquittal in a criminal trial is a determination that the state has not met its burden of proof on the essential elements of the crime. It is not necessarily a finding that the accused is innocent.' Id., 47 Ohio St.3d at 51, 547 N.E.2d at 966, citing *Schrader v. Equitable Life Assurance Soc.* (1985), 20 Ohio St.3d 41, 46, 20 OBR 343, 347-348, 485 N.E.2d 1031, 1035-1036. * * * Thus, the very same transcript of a criminal proceeding which results in a conviction and which is subsequently overturned on the weight or sufficiency of the evidence may nonetheless be insufficient to support a claimant's innocence by a preponderance of the evidence. See *Page v. State* (Aug. 8, 1989), Franklin App. No. 89AP-222[.]" Id. at 149.

{¶ 12} Here, the only evidence Jones provided to the trial court in support of his petition was the journal entry stating that he was found not guilty of the charges. Jones's eventual acquittal of the charges does not prove by a preponderance of the evidence that he was innocent of any wrongdoing. It merely demonstrates that he avoided criminal liability.

{¶ 13} Furthermore, R.C. 2743.48 provides that the court must consider whether Jones was engaged in other criminal acts at the time of the incident. In the instant case, an affidavit attached to the State's motion for summary judgment reveals that Jones was found to be in violation of his parole from his 1990 case. Melissa Adams (Adams), Chief of the Ohio Department of Rehabilitation and Correction's Bureau of Sentence Computation, reviewed Jones's inmate records and determined that his sentence in the 1990 case was set to end on May 31, 2015. In September 2003, Jones was granted parole. A parole holder was placed on Jones on October 7, 2005, which required that he remain incarcerated pending resolution of his alleged parole violations. On November 3, 2005, a parole violation hearing was held, at which Jones was found to be in violation of his parole for possessing a firearm, failing to report contact with law enforcement officers, failing to report his arrest, and associating with individuals who had criminal backgrounds. As a result, he was recommitted until March 15, 2010.

{¶ 14} In his brief in opposition to the State's motion for summary judgment, Jones failed to submit any evidence contradicting the Ohio Department of Rehabilitation and Correction's account. Once the moving party satisfies its burden, the nonmoving party, by affidavit, must set forth specific facts showing that there is a genuine issue for trial. See Civ.R. 56(E). Since Jones has failed to establish by a preponderance of the evidence that he did not engage in any

other criminal conduct arising out of the incident for which he was initially charged, we find that the trial court's decision granting summary judgment in favor of the State was proper.

{¶ 15} Accordingly, the first and second assignments of error are overruled.

Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

FRANK D. CELEBREZZE, JR., J., and
SEAN C. GALLAGHER, J., CONCUR