[Cite as *Doss v. State*, 2011-Ohio-6429.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No.   96452

---

## IRAN DOSS

PLAINTIFF-APPELLEE

vs.

## STATE OF OHIO

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-665993

**BEFORE:**   E. Gallagher, J., Celebrezze, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:**   December 15, 2011

**ATTORNEYS FOR APPELLANT**

William D. Mason
Cuyahoga County Prosecutor
By:   John F. Manley
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Paul Mancino, Jr.
75 Public Square
Suite 1016
Cleveland, Ohio   44113-2098

Mike DeWine
Ohio Attorney General
By:   Richard Cholar, Jr.
Assistant Attorney General
Corrections Litigation Section
150 E. Gay Street, 16th Floor
Columbus, Ohio   43215



EILEEN A. GALLAGHER, J.:

{¶ 1}   Appellant, the state of Ohio, appeals from the decision of the Cuyahoga County Court of Common Pleas granting summary judgment in favor of appellee.   For the following reasons, we affirm the judgment of the trial court.

{¶ 2}   Appellee was indicted on April 22, 2005, for two counts of rape in violation of R.C. 2907.02(A)(1)(c) and one count of kidnapping with a sexual motivation in

violation of R.C. 2905.01(A)(2) and (4) and R.C. 2941.147 stemming from events that allegedly occurred on the night of December 31, 2004.   On March 27, 2006, a jury found appellee guilty of one count of rape and one count of kidnapping and appellee was sentenced to four years in prison.

{¶ 3}   On appeal in *State v. Doss*, Cuyahoga App. No. 88443, 2008-Ohio-449 ("*Doss I*"), this court found that the record contained insufficient evidence to sustain appellee's convictions.   We vacated those convictions and ordered him to be discharged from prison.

{¶ 4}   On July 25, 2008, appellee filed a declaratory judgment action in the Cuyahoga County Court of Common Pleas seeking a determination that he had been a wrongfully imprisoned person as defined by R.C. 2305.02 and 2743.48.   On July 2, 2010, appellee filed a motion for summary judgment relying solely on this court's decision in *Doss I*.   The state, relying on the transcripts from appellee's criminal trial, opposed appellee's motion for summary judgment arguing that appellee had failed to establish his innocence by a preponderance of the evidence.

{¶ 5}   On January 26, 2011, the trial court granted appellee's motion for summary judgment on the basis of our holding in *Doss I*.   Specifically, the trial court stated, "[t]he court of appeals' decision to reverse and vacate [appellee's] conviction and order his immediate release can only be interpreted to mean that either [appellee] was innocent of the charges upon which he was convicted, or that no crime was committed by [appellee],

or both." The state brought the present appeal, advancing the following sole assignment of error:

> "The trial court erred in granting appellee's motion for summary judgment when it held that the vacation of his criminal conviction on appeal could only mean actual innocence or that no crime was committed."

{¶ 6} Our review of a trial court's grant of summary judgment is de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Pursuant to Civ.R. 56(C), summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus; *Zivich v. Mentor Soccer Club* (1998), 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264.

{¶ 7} "The Ohio Revised Code provides a two-step process whereby a person claiming wrongful imprisonment may sue the State for damages incurred due to the alleged wrongful imprisonment." *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 72, 1998-Ohio-275, 701 N.E.2d 1002, citing *Walden v. State* (1989), 47 Ohio St.3d 47, 547

N.E.2d 962. The first action, in the common pleas court, seeks a preliminary factual determination of wrongful imprisonment. Id. The second action, in the Court of Claims, provides for damages. Id.

{¶ 8} A "wrongfully imprisoned individual" is defined in R.C. 2743.48(A) as an individual who satisfies each of the following requirements:

"(1) The individual was charged with a violation of a section of the Revised Code by an indictment or information prior to, or on or after, September 24, 1986, and the violation charged was an aggravated felony or felony.

"(2) The individual was found guilty of, but did not plead guilty to, the particular charge or a lesser-included offense by the court or jury involved, and the offense of which the individual was found guilty was an aggravated felony or felony.

"(3) The individual was sentenced to an indefinite or definite term of imprisonment in a state correctional institution for the offense of which the individual was found guilty.

"(4) The individual's conviction was vacated or was dismissed, or reversed on appeal, the prosecuting attorney in the case cannot or will not seek any further appeal of right or upon leave of court, and no criminal proceeding is pending, can be brought, or will be brought by any prosecuting attorney, city director of law, village solicitor, or other chief legal officer of a municipal corporation against the individual for any act associated with that conviction.

"(5) Subsequent to sentencing and during or subsequent to imprisonment, an error in procedure resulted in the individual's release, or it was determined by a court of common pleas that the offense of which the individual was found guilty, including all lesser-included offenses, either was not committed by the individual or was not committed by any person."

{¶ 9} In a wrongful imprisonment claim, the petitioner bears the burden of proving by a preponderance of the evidence, his or her innocence. *Jones v. State*, Cuyahoga App. No. 96184, 2011-Ohio-3075, at ¶9, citing *Suster*,   84 Ohio St.3d at 72.

In the present instance, the state argues that appellee, by relying solely on this court's decision in *Doss I*, has failed to establish his innocence by a preponderance of the evidence.

{¶ 10} This court has previously stated that "[e]vidence insufficient to prove guilt beyond a reasonable doubt does not necessarily prove innocence by a preponderance of the evidence as required by R.C. 2743.48." Id. at ¶11, citing *Ratcliff v. State* (1994), 94 Ohio App.3d 179, 640 N.E.2d 560. While we are mindful that a criminal insufficient evidence finding does not *necessarily* lead to the conclusion that a defendant's innocence has been established by a preponderance of the evidence, we find that the uncontroverted evidence in the record sub judice mandates that we affirm the trial court's grant of summary judgment.

{¶ 11} As the trial court noted in its January 26, 2011 journal entry, the only contested issue before the court was appellee's innocence under R.C. 2743.48(A)(5). None of the other elements under R.C. 2743.48(A) were disputed before the trial court.

{¶ 12} The sole evidence before the trial court on summary judgment consisted of trial transcripts from appellee's criminal trial.[1] This court previously reviewed this evidence in *State v. Doss*, Cuyahoga App. No. 88443, 2008-Ohio-449, and concluded not

---

[1]The state of Ohio's brief in opposition to plaintiff's motion for summary judgment references allegations made by the alleged victim in an amended complaint from her civil suit against appellee. However, contrary to statements on page 4 of the state's brief, certified copies of this referenced amended complaint are not attached to the state's brief and not before the trial court on summary judgment.

only that the evidence was insufficient to sustain appellee's convictions but that appellee's own statement describing the events was *uncontradicted evidence* in his favor on elements of both the kidnapping and rape charges.

{¶ 13} With respect to appellee's conviction for kidnapping in violation of R.C. 2905.01(A)(2) and (4), this court, in reviewing the record, stated "no evidence was presented showing force, threat, deception, or the restraint of liberty." Id. at ¶10. "Nobody testified that [the alleged victim] went with [appellee] against her will, or that [appellee] restrained her in any way." Id. at ¶10. This court explicitly stated, "[appellee's] statement maintained that the ride home, as well as the sex, was consensual. No evidence contradicts, or even questions, this." Id. at ¶10.

{¶ 14} With respect to appellee's conviction for rape in violation of R.C. 2907.02(A)(1)(c), this court noted the challenge of distinguishing permissible sexual conduct with a person who is merely intoxicated from impermissible sexual conduct with someone who is substantially impaired. Id. at ¶18.

{¶ 15} We noted that "[t]he only evidence in the record of events happening between 2:30 and 8:00 a.m. on New Year's Day is [appellee's] statement." Id. at ¶23. After reviewing the evidence in the record, this court stated, "[t]he only evidence about [the alleged victim's] mental condition at the time of the alleged rape is found in [appellee's] statement. A careful review of this statement reveals no evidence that [appellee] knew, or should have known, that J.P.'s 'ability to resist or consent is

substantially impaired because of voluntary intoxication.'"  Id. at ¶23.  We noted that "the state presented no evidence in opposition to appellee's statement."  Id. at ¶20.

{¶ 16} This court concluded, "[t]he evidence shows that [appellee] had consensual sex with a woman who had been drinking alcohol, albeit while his girlfriend was in the other room.  [Appellee] gave a detailed description of [the alleged victim's] consensual conversation with him, and [her] not only being aware, but being in control, of her actions.  From all accounts, and as strange as this 'good Samaritan' scenario may seem, [her] decision to go home and sleep with [appellee] was just as voluntary as her intoxication on New Year's Eve."  Id. at ¶25.

{¶ 17} Based upon the unique circumstances presented in this case, specifically the uncontradicted evidence in the form of  appellee's own statement recounting the events of the night in question, and the fact that the state introduced no further evidence beyond the criminal record discussed above, we find no error in the trial court's conclusion that the state of Ohio failed to raise a genuine issue of fact in regards to any of the elements under R.C. 2743.48(A).

{¶ 18} The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN A. GALLAGHER, JUDGE

LARRY A. JONES, J., CONCURS;
FRANK D. CELEBREZZE, JR., P.J., DISSENTING WITH
SEPARATE OPINION

FRANK D. CELEBREZZE, JR., P.J., DISSENTING:

{¶ 19} I respectfully dissent because Doss has not demonstrated that he is entitled to judgment as a matter of law.

{¶ 20} In his two-page motion for summary judgment, Doss only points to the decision of this court reversing his convictions. The Ohio Supreme Court has instructed that "a previous finding of not guilty is not sufficient to establish innocence. The petitioner seeking to establish a claim for wrongful imprisonment must produce more evidence than a judgment of acquittal, which is merely a judicial finding that the state did not prove its case beyond a reasonable doubt." *Ellis v. State*, 64 Ohio St.3d 391, 393, 1992-Ohio-25, 596 N.E.2d 428, 430. The petitioner carries the burden of proof in affirmatively establishing his or her innocence under R.C. 2743.48(A)(5). *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 72, 1998-Ohio-275, 701 N.E.2d 1002.

{¶ 21} The differing burdens of proof are key to distinguishing why a vacation of Doss's conviction does not prove his innocense. Our holding in *Doss I* does not mean

that Doss is innocent — merely that, based upon the evidence the state presented, Doss's guilt could not be established beyond a reasonable doubt. The same cannot automatically be said of whether Doss can show by a preponderance of the evidence that he did not know or reasonably should not have known of the victim's incapacity. *Ratcliff v. State* (1994), 94 Ohio App.3d 179, 182, 640 N.E.2d 560 ("[A]n appellate court's reversal of a criminal conviction does not require a court to find that the claimant was not engaging in criminal conduct at the time in question. Evidence insufficient to prove guilt beyond a reasonable doubt does not necessarily prove innocence by a preponderance of the evidence.").

{¶ 22} This is not a case where the evidence is so clear that Doss can be found to be innocent solely on this court's prior opinion, especially, as the dissenting opinion points out, where "[a]t least to some eyewitnesses, the victim was displaying signs of being too intoxicated to perform ordinary functions" and "[t]he majority opinion is full of instances illustrating the victim's overtly high level of intoxication." *Doss I* at ¶30, (Sweeney, J., dissenting).