JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant, Todd Pilz ("Pilz"), appeals the trial court's judgment granting defendant-appellee, State of Ohio's, motion for summary judgment. Finding no merit to the appeal, we affirm.
 {¶ 2} In 1996, Pilz pled guilty to aggravated robbery in Cuyahoga County Common Pleas Court and was sentenced to a suspended term of ten to twenty-five years in prison and placed on probation. Later that year, he pled guilty to robbery in Medina County and was sentenced to three years in prison. Subsequent to pleading guilty in the Medina case, Pilz was charged with a probation violation on his aggravated robbery case in Cuyahoga County. The court found him to be a probation violator but allowed his probation to continue after he completed his Medina County sentence. However, the written journal entry sent to the Department of Rehabilitation and Corrections ordered his original sentence into execution to be served consecutive to the Medina County sentence, contrary to the oral pronouncement of the court. Pilz was scheduled to be released under the Medina County case in December 1999, but was not released from prison until February 2003.
 {¶ 3} In 2003, Pilz brought a mandamus action against the trial court judge. State ex rel. Todd W. Pilz v. Daniel O. Corrigan, Cuyahoga App. No. 81973, 2003-Ohio-35. This court granted the writ and ordered the trial court to rule on outstanding motions. Pilz was released in February 2003, after the trial court issued a nunc pro tunc journal entry correcting the sentence. Pilz then filed a false imprisonment suit in the Court of Claims against the Department of Rehabilitation and Corrections ("the Department"). The Court of Claims granted the Department's motion for summary judgment. The court found that, until the Department received a corrected journal entry, it was not authorized to release Pilz. Pilzv. Department of Rehabilitation and Corrections, Franklin App. No. 04AP-240, 2004-Ohio-4040.
 {¶ 4} Subsequently, Pilz filed the instant complaint against the State in Cuyahoga County Common Pleas Court, seeking a determination that he had been wrongfully imprisoned. Pilz moved for summary judgment, stating that he satisfied the criteria under R.C. 2743.48 and he should be declared a wrongfully convicted person. The State also moved for summary judgment, claiming that declaratory relief under R.C. 2743.48 is not available to persons who plead guilty. The trial court granted the State's motion, and Pilz now appeals.
 {¶ 5} In Pilz's sole assignment of error, he argues that the trial court erred in granting summary judgment to the State and overruling his motion for summary judgment.
 {¶ 6} Appellate review of summary judgments is de novo. Grafton v.Ohio Edison Co., 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241;Zemcik v. La Pine Truck Sales Equipment (1998), 124 Ohio App.3d 581,585, 706 N.E.2d 860. The Ohio Supreme Court set forth the appropriate test in Zivich v. Mentor Soccer Club, 82 Ohio St.3d 367, 369-370,1998-Ohio-389, 696 N.E.2d 201, as follows:
"Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp., 73 Ohio St.3d 679, 1995-Ohio-286,653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107,662 N.E.2d 264."
 {¶ 7} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E). Mootispaw v. Eckstein,76 Ohio St.3d 383, 385, 1996-Ohio-389, 667 N.E.2d 1197. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg,65 Ohio St.3d 356, 358-359, 1992-Ohio-95, 604 N.E.2d 138.
 {¶ 8} Common pleas courts have exclusive, original jurisdiction to decide whether a person has been wrongfully imprisoned. R.C. 2305.02. However, to invoke that jurisdiction, the person who was in prison must first satisfy R.C. 2743.48(A). Ruff v. State of Ohio (Sept. 14, 1995), Franklin App. No. 95APE02-243. R.C. 2743.48 sets forth five foundational requirements, which state in pertinent part:
"(A) As used in this section, a `wrongfully imprisoned individual' means an individual who satisfies each of the following:
(1) The individual was charged with a violation of a section of the Revised Code by an indictment or information prior to, or on or after, September 24, 1986, and the violation charged was an aggravated felony or felony.
(2) The individual was found guilty of, but did not plead guilty to, the particular charge or a lesser-included offense by the court or jury involved, and the offense of which he was found guilty was an aggravated felony or felony.
(3) The individual was sentenced to an indefinite or definite term of imprisonment in a state correctional institution for the offense of which he was found guilty.
(4) The individual's conviction was * * * reversed on appeal * * *.
(5) Subsequent to his sentencing and during or subsequent to his imprisonment, it was determined by a court of common pleas that the offense of which the individual was found guilty, including all lesser-included offenses, either was not committed by the individual or was not committed by any person."
 {¶ 9} Only after a determination by the trial court under R.C.2743.48(A)(5) that either the offender did not commit the offense or no person committed the offense, including any lesser included offenses, may a person then qualify as a wrongfully imprisoned person under the statute. See Ruff, supra.
 {¶ 10} Pilz claims that he satisfies the criteria in R.C. 2743.48. We disagree. He was indicted for and pled guilty to a felony, aggravated robbery. R.C. 2743.48(A)(2) requires that a wrongfully imprisoned individual must have been found guilty of, but did not plead guilty to, the particular charge or a lesser included offense of which he was found guilty. Pilz was represented by an attorney at both the plea and the probation violation hearing and does not argue that the plea or the hearing were constitutionally deficient. His guilty plea is a bar to his right to claim that he was a wrongfully imprisoned person as defined by R.C. 2743.48. See Ruff, supra.
 {¶ 11} Pilz argues that his conviction was overturned; however, this assertion is not supported by the record. Pilz was sentenced to an indefinite term of imprisonment, which was suspended. His plea was never vacated and his conviction has not been reversed on appeal.
 {¶ 12} Pilz also argues that because he was imprisoned under a faulty journal entry he must be afforded a remedy. Even if Pilz was unjustly imprisoned, this court is still bound to follow the law. Pilz does not qualify as a wrongfully imprisoned person under R.C. 2743.48. Moreover, R.C. 2743.48 compensates persons who have been determined to be innocent of the offense for which they were incarcerated. R.C. 2743.48 is not a vehicle by which the guilty who are confined beyond their lawful terms may seek relief.
 {¶ 13} Therefore, we find that the trial court did not err in granting the State's motion for summary judgment because no genuine issue of material fact exists on which reasonable minds could differ. Because Pilz's claim for relief was pursued solely under R.C. 2743.48 and he does not qualify as a wrongfully imprisoned person, the trial court did not err in deciding the State is entitled to judgment as a matter of law.
 {¶ 14} Accordingly, the sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J. and McMonagle, J. concur