JOURNAL ENTRY AND OPINION
{¶ 1} Petitioner-appellant, Alexander Rodriguez ("Rodriguez"), appeals the trial court's decision dismissing his petition for a determination of wrongful imprisonment. Finding no merit to the appeal, we affirm.
 {¶ 2} In 2002, Rodriguez was convicted of rape and gross sexual imposition and was sentenced to a total of four years in prison. In 2004, this court reversed his convictions, finding that the evidence was insufficient to support the rape and gross sexual imposition convictions. State v. Rodriguez, Cuyahoga App. No. 82265, 2003-Ohio-7056 ("Rodriguez I").
 {¶ 3} Thereafter, Rodriguez filed the instant petition for a determination of wrongful imprisonment. The State opposed the petition, arguing that it should be dismissed because Rodriguez failed to demonstrate that he did not commit the offenses for which he was originally found guilty, including all lesser-included offenses. The trial court agreed and dismissed the petition.
 {¶ 4} Rodriguez appeals the trial court's decision, arguing in his sole assignment of error that the trial court erred in dismissing his petition for a determination of wrongful imprisonment.
 {¶ 5} Pursuant to R.C. 2305.02, a common pleas court has exclusive, original jurisdiction to hear and decide claims for a determination of wrongful imprisonment. However, to invoke that jurisdiction, the person who was in prison must first satisfy R.C. 2743.48(B). Pilz v. State, Cuyahoga App. No. 86047,2005-Ohio-5349, citing Ruff v. State (Sept. 14, 1995), Franklin App. No. 95APE02-243.
R.C. 2743.48 sets forth the following five foundational requirements:
"(A) As used in this section, a `wrongfully imprisoned individual' means an individual who satisfies each of the following:
(1) He was charged with a violation of a section of the Revised Code by an indictment or information prior to, or on or after, September 24, 1986, and the violation charged was an aggravated felony or felony.
(2) He was found guilty of, but did not plead guilty to, the particular charge or a lesser-included offense by the court or jury involved, and the offense of which he was found guilty was an aggravated felony or felony.
(3) He was sentenced to an indefinite or definite term of imprisonment in a state penal or reformatory institution for the offense of which he was found guilty.
(4) The individual's conviction was * * * reversed on appeal * * *.
(5) Subsequent to his sentencing and during or subsequent to his imprisonment, it was determined by a court of common pleas that the offense of which he was found guilty, including all lesser-included offenses, either was not committed by him or was not committed by any person."
 {¶ 6} Pursuant to R.C. 2743.48(A)(5), the claimant bears the burden of proving by a preponderance of the evidence his innocence of the crimes for which he was convicted and all lesser included offenses. Walden v. State (1989), 47 Ohio St.3d 47,547 N.E.2d 962, at syllabus. The claimant must demonstrate that the "`offense of which he was found guilty, including all lesser-included offenses, either was not committed by him or was not committed by any person.'" Ellis v. State,64 Ohio St.3d 391, 393, 1992-Ohio-25, 596 N.E.2d 428, quoting R.C.2743.48(A)(5). Only after the trial court makes a determination that the claimant satisfied his burden will the claimant then qualify as a wrongfully imprisoned person under the statute.Pilz, supra, citing Ruff, supra.
 {¶ 7} The wrongful imprisonment statutes were intended to compensate the innocent for wrongful imprisonment. The Ohio Supreme Court explained the rationale for this approach in cases where wrongful imprisonment is alleged, stating:
"The requirement that `no criminal proceeding * * * can be brought * * * against the individual for any act associated with that conviction' is of critical importance. This statutory language is intended to filter out those claimants who have had their convictions reversed, but were committing a different offense at the time that they were engaging in the activity for which they were initially charged. When the General Assembly enacted Ohio's wrongful imprisonment legislation, it `intended that the court of common pleas actively separate those who were wrongfully imprisoned from those who have merely avoided criminal liability.' Walden v. State (1989), 47 Ohio St.3d 47, 52,547 N.E.2d 962." Gover v. State (1993), 67 Ohio St.3d 93, 95,616 N.E.2d 207.
 {¶ 8} In the instant case, the trial court found that Rodriguez satisfied the requirements of R.C. 2743.48(A)(1)-(4). However, the court determined that he had not affirmatively established his innocence under R.C. 2743.48(A)(5). We agree.
 {¶ 9} Rodriguez was convicted of rape and gross sexual imposition. The statute governing rape, R.C. 2907.02(A)(2), provides that no person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force. R.C. 2907.05(A)(1), which governs gross sexual imposition, prohibits sexual contact with another when the offender purposely compels the other person to submit by force or threat of force. This court, in reversing Rodriguez's convictions, found that insufficient evidence was presented to prove that he used force, an essential element of both rape and gross sexual imposition. See, Rodriguez I, supra.
 {¶ 10} Rodriguez argues that he has satisfied his burden that he was not engaging in any criminal conduct at the time of the incident as demonstrated by the facts of the case and this court's statement in Rodriguez I that, "Everything in this record suggest [sic] consensual behavior between two adults."Rodriguez I, supra at ¶ 28.
 {¶ 11} We find that merely relying on this single statement does not satisfy Rodriguez's burden of proof. In Rodriguez I,
we found that the State failed to prove the element of force and, thus, we reversed the rape and gross sexual imposition convictions. The fact that a reviewing court reverses a criminal conviction does not require a trial court to find that the petitioner was not engaging in any criminal conduct at the time of incident. Ratcliff v. State (1994), 94 Ohio App.3d 179,640 N.E.2d 560. Evidence insufficient to prove guilt beyond a reasonable doubt does not necessarily prove innocence by a preponderance of the evidence as required by R.C. 2743.48. Id. Moreover, reversal on insufficiency of the evidence does not automatically mean an individual was wrongfully imprisoned.Chandler v. State (1994), 95 Ohio App.3d 142, 641 N.E.2d 1382.
 {¶ 12} The only evidence that Rodriguez provided to the trial court in support of his petition was the transcript from his criminal trial. Although that record supported reversal of his convictions for rape and gross sexual imposition, it does not prove his civil case. The transcript does not prove by a preponderance of the evidence that he was innocent of any wrongdoing. It merely shows that Rodriguez avoided criminal liability for rape and gross sexual imposition. Pursuant to R.C.2743.48, the court must consider any lesser included offenses of rape and gross sexual imposition.
 {¶ 13} Sexual imposition is a lesser included offense of rape and gross sexual imposition, as set forth in R.C. 2907.06(A)(1). A person is guilty of sexual imposition with another when the offender knows that the sexual contact is offensive to the other person. "Sexual contact" means "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is female, a breast, for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B).
 {¶ 14} Rodriguez has failed to demonstrate that he was not engaging in other criminal acts at the time of the incident for which he was initially charged. At the very least, his conduct could have constituted sexual imposition. The record demonstrates that the alleged victim found the sexual contact and advances offensive. She testified that she was in shock when Rodriguez initially inserted his finger into her vagina. She told him to stop on numerous occasions and stated that she did not want "to do this." Furthermore, she testified that she did not consent to his actions. When this activity stopped, Rodriguez told her that he wanted to rub against her, which he did without her permission. She tried to push him off but was unsuccessful. Rodriguez then asked her to give him a "hand job." Although she attempted to do so, he yelled at her for "doing it wrong," and she replied that she did not want to do it at all, and she stopped. This testimony suggests that the alleged victim found the sexual contact to be offensive.
 {¶ 15} Therefore, we find that Rodriguez has failed to establish by a preponderance of the evidence that he was not engaging in any other criminal conduct arising out of the incident for which he was originally charged. The trial court did not err in dismissing Rodriguez's petition for a determination that he was a wrongfully imprisoned individual.
 {¶ 16} Accordingly, the assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., J. and Rocco, J. Concur.