DECISION AND JUDGMENT ENTRY
Francisco Ramirez appeals the judgment of the Wood County Court of Common Pleas that dismissed his case for wrongful imprisonment brought after reversal of a drug trafficking conviction. Because we conclude that the trial court did not err in its determination, we affirm the decision.
 Facts
Ramirez was convicted of violating R.C. 2925.03, trafficking in marijuana, but the conviction was reversed for insufficient evidence. State v. Ramirez (July 20, 2001), Wood App. Nos. WD-00-050, WD-00-062. As a result of this court's reversal on appeal, Ramirez sued the state of Ohio for wrongful imprisonment under R.C. 2743.48.
Ramirez and the state of Ohio submitted a joint pretrial statement to allow the trial court to understand the resolved and unresolved issues, as prescribed by local rule. A bench trial was then scheduled for August 7, 2002.
At trial, the parties stipulated that all the elements required in R.C. 2743.48(A)(1), (2), and (3) were satisfied. After having the record of his previous criminal case entered into evidence and other procedural stipulations, Ramirez rested, and the state of Ohio requested a directed verdict under Civ.R. 50(A) — which should have been a motion to dismiss under Civ.R. 41(B)(2). However, any problems that might have been created by the state of Ohio's making the wrong motion were rendered moot when the trial court denied the motion.
For its defense, the state of Ohio called three witnesses who were all present at the Day's Inn in Perrysburg where the alleged drug-related activity took place. The first to testify was Ramirez, who was questioned as if upon cross-examination. The next two witnesses to testify were the confidential informant and the Ohio Bureau of Criminal Identification and Investigation/Drug Enforcement Agency undercover agent. They testified at length to their knowledge of the drug-related activity of Ramirez and his family. The videotape of the alleged drug related activity also was played.
The prosecutor for the criminal trial presented rebuttal testimony for Ramirez. He testified, without objection, that Ramirez's wife told officers that they were at the Day's Inn in Perrysburg "to pick up drug money." Ramirez testified on his own behalf on rebuttal and continued to claim his innocence.
The trial court, in its judgment entry, found that Ramirez did not satisfy the requirements of R.C. 2743.48(A)(4) and (5) for wrongful imprisonment. Specifically, it found that Ramirez's testimony was not credible when he stated he was just "playing along" with the informant and the agent. Also, the testimony and other evidence showed that Ramirez discussed the possibility of setting up another drug transaction in the future.
The trial court examined Ramirez's behavior on the day of the incident at issue. It noted that Ramirez could have been prosecuted for violating R.C. 1315.55 (money laundering) and R.C.2923.32 (engaging in a pattern of corrupt activity). The court also pointed out that the appellate decision in State v.Ramirez left open the possibility that if Ramirez had been charged with conspiracy, he would not have obtained reversal of the conviction.
The trial court concluded by stating that reversal of a conviction does not mean a person did not participate in criminal activity. The wrongful imprisonment statutes are not meant to compensate people who have "merely avoided criminal liability." Ramirez appeals from the dismissal of his action.
 Assignments of Error
"1. The trial court erred to the prejudice of appellant by ruling adversely on appellant's complaint to establish status as a wrongfully imprisoned individual on the basis of defenses which were either never asserted or, if asserted, defenses which were waived, by the appellee state of Ohio, thereby depriving appellant of due process of law."
"2. The trial court erred to the prejudice of appellant by determining that appellant was engaged in, or could have been prosecuted for, the offense of conspiracy, thereby precluding appellant from being classified as a wrongfully imprisoned individual."
 Ramirez's First Assignment of Error
Ramirez concludes that the trial court violated his due process rights by stating that he could have been prosecuted for crimes that were not specifically asserted by the state of Ohio. He argues that the judge could only consider crimes specifically mentioned by the state of Ohio in its answer, the joint pretrial statement, or those expressly argued at trial — so he could properly defend against them. Ramirez is confusing this civil matter with a criminal prosecution. Here, he is the plaintiff in a civil case. R.C. 2743.48(A)(4) specifies that the claimant in a suit for wrongful imprisonment by the state of Ohio must show that no criminal proceeding could be brought against him for any act associated with his reversed conviction. The state of Ohio need not defend by proving that Ramirez actually committed specific crimes.
The Supreme Court of Ohio has ruled that "[c]laimants seeking compensation for wrongful imprisonment must prove that at the time of the incident for which they were initially charged, they were not engaging in any other criminal conduct arising out of the incident for which they were initially charged." (Emphasis added.) Gover v. State (1993), 67 Ohio St.3d 93, at the syllabus. The standard is "that a claimant must first affirmatively prove [his] innocence by a preponderance of the evidence." Walden v. State (1989), 47 Ohio St.3d 47, 52. See also, Gover v. State (1993), 67 Ohio St.3d 93, 95.
The Supreme Court of Ohio explained the rationale for this approach in cases where wrongful imprisonment by the state of Ohio is alleged. "The requirement that `no criminal proceeding * * * can be brought * * * against the individual for any act associated with that conviction' is of critical importance. This statutory language is intended to filter out those claimants who have had their convictions reversed, but were committing a different offense at the time that they were engaging in the activity for which they were initially charged. When the General Assembly enacted Ohio's wrongful imprisonment legislation, it `intended that the court of common pleas actively separate those who were wrongfully imprisoned from those who have merely avoided criminal liability.' Walden v. State (1989), 47 Ohio St.3d 47, 52." Gover v. State (1993), 67 Ohio St.3d 93, 95.
Reversal on insufficiency of the evidence does not automatically mean an individual was wrongfully imprisoned.Chandler v. State (1994), 95 Ohio App.3d 142, 149; See also,Massey v. State (Feb. 22, 2002), Hamilton App. No. C-010325, 2002-Ohio-718 (Evidence insufficient to prove guilt beyond a reasonable doubt does not necessarily prove innocence.)
Here, the only evidence that Ramirez provided to the trial court was the record of his criminal case. Although that record supported reversal of his criminal conviction for trafficking in marijuana, it does not prove his civil case. The record does not prove by a preponderance of the evidence that he was innocent of any wrongdoing. It merely shows that Ramirez avoided criminal liability. The videotape of the drug-related activity and testimony of the confidential informant and the undercover agent provided evidence of other criminal behavior that could have been charged.
The trial judge found Ramirez could have been convicted of conspiracy to traffic in marijuana, money laundering, or engaging in a pattern of corrupt activity — any one of which would have been sufficient to defeat the civil claim. The trial court, therefore, did what was required of it when determining if Ramirez met his burden of proof. It reviewed the evidence to see whether Ramirez proved by a preponderance of the evidence that he was innocent of any criminal activity during the incident that gave rise to his original charges.
Because any criminal act associated with his reversed conviction can defeat his civil case, Ramirez's due process rights were not violated. The first assignment of error is found not well-taken.
 Ramirez's Second Assignment of Error
Ramirez contends in the second assignment of error that there was insufficient evidence to prove he conspired to traffic in marijuana. The record indicates otherwise.
When reviewing a case of this type, an appellate court must determine not whether the appellant presented enough evidence that he was wrongfully imprisoned, but whether the court's judgment to the contrary is supported by competent, credible evidence. Ratcliff v. State (1994), 94 Ohio App.3d 179, 182. As to facts, we are to defer to the trial court who was in the best position to view the witnesses, observe their demeanor, gestures, and voice inflections, and use these observations in weighing credibility. Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80. The decision of the trier of fact, be it judge or jury, will not be reversed as being against the manifest weight of the evidence as long as it is supported by some competent, credible evidence going to each of the essential elements of the case. C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279, at the syllabus; Vogel v. Wells (1991),57 Ohio St.3d 91, 96.
In this case, the confidential informant explained that the drug-related activity at the Day's Inn in Perrysburg was a "front." A "front" is a drug-related activity where drugs would be delivered at an earlier time and "then later on the people that owned the weed would come down and pick up the money." The confidential informant testified that he had had prior dealings with Ramirez where Ramirez had demanded money from him to pay for previous fronts.
The undercover agent testified about what occurred before the arrest of Ramirez. The agent testified that Ramirez identified him as a "runner" named "John" and spoke to him about a shipment of marijuana coming into the area over the weekend that Ramirez's brother had set up. The undercover agent testified that Ramirez wanted him to go to Michigan to pick up the marijuana. He told Ramirez, however, that he would rather pick up the load in Indiana. Ramirez spoke with the confidential informant about needing the money from the previous deal, and he wanted to make sure that John was there to get the new load. The agent also testified that Ramirez and the informant talked about the possibility of having Ramirez set up a sale of cocaine, which was referred to as "white."
Although Ramirez stated that he was just "playing along" with the confidential informant and the undercover agent, the videotape confirms the testimony of the state of Ohio's witnesses about what happened at the Day's Inn in Perrysburg. Ramirez's own rebuttal witness, the prosecutor from the criminal case, testified that Ramirez's wife had stated that they were at the Day's Inn in Perrysburg "to pick up drug money."
The trial court's findings that Ramirez discussed with the confidential informant and the undercover agent the possibility of setting up drug deals in the future are shown in the videotape and found in testimony. The trial judge's determination that Ramirez's testimony was not credible when he said he was "playing along" when he discussed future drug transactions is a finding of fact within the court's purview. Therefore, we conclude that there was competent, credible evidence by which the trial court could have reasonably found that Ramirez could have been prosecuted for conspiracy to traffic in marijuana.
Even if we disagreed that Ramirez could have been prosecuted for the conspiracy to traffic in marijuana, he does not challenge, on the manifest weight of the evidence, the trial court's findings that he could have been prosecuted for the two other offenses of money laundering or engaging in a pattern of corrupt activity. We find no error in Ramirez's second assignment of error, and it is found not well-taken.
Finally, throughout his brief, Ramirez relies on the joint pretrial statement submitted under Loc.R. 4.01(D) of the Wood County Court of Common Pleas. He argues it should govern the trial court's decision in this case. The local rule concerns civil case administration and case management and expressly states: "[t]he joint pretrial statement shall not be filed with the Clerk." It, thus, should not be part of the record. No precedent in Ohio indicates that joint pretrial statements are of any evidentiary value or in any way bind the trial court. Federal cases have defined their limitations. Jacobs v. Pierce (D.Mass. 1997), 208 B.R. 261, 287 ("joint pretrial statement did not bind the bankruptcy court on questions of law"); Surf WalkCondominium Association v. Wildman (N.D.Ill. 1988), 84 B.R. 511,514 ("the judge is not bound by the terms of the parties' pretrial submissions in defining his pretrial order").
A thorough review of the record confirms that substantial justice was done to appellant. The judgment of the Wood County Court of Common Pleas is therefore affirmed. Appellant is ordered to pay the court costs of this appeal.
Judgment Affirmed.
Handwork, Knepper, and Lanzinger, J., concur.