OPINION
{¶ 1} Plaintiff-appellant Steven Smith ("Smith") brings this appeal from the judgment of the Court of Common Pleas of Union County granting summary judgment to defendant-appellee State of Ohio ("the State").
 {¶ 2} On August 24, 2001, a jury trial was held to determine if Smith was guilty of trafficking in marijuana within the vicinity of a juvenile. The jury returned a verdict of guilty. Smith appealed this verdict. On September 25, 2002, this court reversed the verdict because improper evidence had been presented to the jury. Upon remand, the State filed a charge for possession of marijuana based upon the same evidence that was used in the original trial. Smith entered a plea of no contest to this charge. The trafficking charge was dismissed.
 {¶ 3} On April 28, 2003, Smith filed a complaint for wrongful imprisonment against the State. The State filed its answer on May 14, 2003. On January 16, 2004, the State filed its motion for summary judgment. Smith filed his response on February 18, 2004. On April 1, 2004, the trial court granted summary judgment to the State. Smith appeals from this judgment and raises the following assignments of error.
The trial court erred in sustaining [the] motion for summaryjudgment of [the State] pursuant to Civ.R. 56(C) when thereexisted a genuine issue for a trier of fact to determine.
 The decision of the trial court that [Smith] was not awrongfully imprisoned individual was against the manifest weightof the evidence.
In both assignments of error, Smith claims that the trial court erred in finding that he was not a wrongfully imprisoned individual. Thus, the assignments of error can be addressed together.
 {¶ 4} When reviewing a motion for summary judgment, courts must proceed cautiously and award summary judgment only when appropriate. Franks v. The Lima News (1996),109 Ohio App.3d 408, 672 N.E.2d 245. "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex rel. Howard v.Ferreri, 70 Ohio St.3d 587, 589, 1994-Ohio-130, 639 N.E.2d 1189. When reviewing the judgment of the trial court, an appellate court reviews the case de novo. Franks, supra.
 {¶ 5} Before a civil action against the State can be brought in the Court of Claims, a finding must be made by the common pleas court that one is a wrongfully imprisoned individual.
(A) As used in this section, a "wrongfully imprisonedindividual" means an individual who satisfies each of thefollowing:
 (1) He was charged with a violation of a section of theRevised Code by an indictment or information * * * and theviolation charged was * * * [a] felony.
 (2) He was found guilty of, but did not plead guilty to, theparticular charge or a lesser-included offense by the court orjury involved, and the offense of which he was found guilty was[a] felony.
 (3) He was sentenced to an indefinite or definite term ofimprisonment in a state correctional institution for the offenseof which he was found guilty.
 (4) The individual's conviction was vacated or was dismissed,or reversed on appeal, the prosecuting attorney in the casecannot or will not seek any further appeal of right or upon leaveof court, and no criminal proceeding is pending, can be brought,or will be brought by any prosecuting attorney * * * against theindividual for any act associated with that conviction.
 (5) Subsequent to his sentencing and during or subsequent tohis imprisonment, it was determined by a court of common pleasthat the offense of which he was found guilty, including alllesser-included offenses, either was not committed by him or wasnot committed by any person.
R.C. 2743.48.
 {¶ 6} In this case, Smith was charged with a felony. He entered a plea of not guilty, but was found guilty of the charge. He was sentenced to a prison term. Thus, the first three requirements of the statute have been met. The fourth requirement of the statute requires that Smith's conviction be reversed and no other proceedings be brought. Smith's conviction was reversed.State v. Smith, 3d Dist. No. 14-01-28, 2002-Ohio-5051. However, this court did not find that there was insufficient evidence to support the verdict or that the verdict was against the manifest weight of the evidence.[1] Id. at ¶ 22. This court specifically declined to enter judgment that Smith had not committed the offense of trafficking in marijuana. Id. Instead, this court found that the trial was tainted by the prejudicial admission of irrelevant evidence. Id. at ¶ 84. This court then reversed the judgment and remanded the case for a new trial. Id. At that time, the State chose not to retry the original charge. The State chose to file a possession of marijuana charge based upon the same acts that led to the original conviction. Smith entered a no contest plea to the reduced charge and was found guilty by the trial court. The State therefore brought an additional criminal proceeding against Smith for an act associated with that conviction. Thus, Smith does not satisfy the fourth requirement of the statute.
 {¶ 7} Additionally, Smith, as the plaintiff in the civil action, bears the burden of proving his innocence, not just that his conviction was reversed. Walden v. State (1989),47 Ohio St.3d 47, 547 N.E.2d 962. A determination by the State not to retry the defendant for the original offense is not proof that the defendant is innocent. It is merely an indication by the State that it does not wish to retry the case for whatever reason.[2] Id. at 51. Without evidence that Smith had not committed the offense or a lesser included offense, the fifth requirement cannot be met and the trial court need not make a finding that Smith was wrongfully imprisoned. In essence, the trial court in this case held that Smith had not raised any issues of fact that could reasonably be interpreted as showing that Smith had not committed the charged offense or a lesser included one. The trial court did not err in finding as a matter of law that Smith is not a wrongfully imprisoned individual. Therefore, the assignments of error are overruled.
 {¶ 8} The judgment of the Court of Common Pleas of Union County is affirmed.
Judgment affirmed.
Shaw, P.J., and Rogers, J., concur.
[1] The only portion of the verdict reversed as against the manifest weight of the evidence was the specification that the drug trafficking occurred within the vicinity of a juvenile. The drug trafficking charge was specifically affirmed.
[2] The State could have many reasons for not wishing to retry the defendant: evidence may have been suppressed, witnesses may have disappeared, etc.