OPINION
{¶ 1} Plaintiff-appellant, Ye Ye Jones ("appellant"), appeals from the February 22, 2005 judgment of the Franklin County Court of Common Pleas, in which that court, after a bench trial, entered judgment in favor of defendant-appellee, Ohio Department of Rehabilitation and Correction ("appellee"), appellant's claim for statutory wrongful imprisonment. On appeal, appellant asserts a single assignment of error:
ASSIGNMENT OF ERROR NO. 1
The trial Court erred in concluding that the Plaintiff did not prove false imprisonment by the preponderance of the evidence pursuant to R.C. 2743.48(A).
 {¶ 2} On June 30, 1999, appellant was convicted of the offense of possession of crack cocaine, in violation of R.C.2925.11, a felony of the second degree, and was sentenced to two years of imprisonment. On appeal, this court reversed appellant's conviction because it was not supported by sufficient evidence and was against the manifest weight of the evidence. See Statev. Jones (Oct. 17, 2000), Franklin App. No. 99AP-889. On December 20, 2002, appellant filed his complaint against appellee, claiming he was wrongfully imprisoned. After a bench trial held on July 12, 2004, the court rendered its decision, finding appellee failed to prove by a preponderance of the evidence that he was wrongfully imprisoned. The court journalized its decision on February 22, 2005.
 {¶ 3} In his sole assignment of error, appellant contends he proved by a preponderance of the evidence, that he was wrongfully imprisoned. Appellant cites to various portions of the trial transcript in support of his assertion. However, appellant has failed to provide a transcript of the bench trial for our review.
 {¶ 4} App.R. 9(B) provides that an appellant who intends to assert on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence shall include in the record "a transcript of all evidence relevant to the findings or conclusion." The duty to provide a transcript for appellate review falls upon the appellant as he bears the burden of showing error by reference to matters in the record. Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 199, 15 O.O.3d 218, 400 N.E.2d 384, 385. An appellant's failure to comply with App.R. 9 usually dictates that this court presume the regularity of the trial court proceedings and accept its judgment. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings and affirm." Ibid. As such, we are unable to find error as alleged by appellant based on the record before us, and appellant's assignment of error is overruled.
 {¶ 5} Accordingly, appellant's sole assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Bryant and Klatt, JJ., concur.