McCLAIN, Appellant,

v.

The STATE of Ohio, Appellee.

[Cite as *McClain v. State,* 186 Ohio App.3d 654, 2010-Ohio-1021.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 09AP–445.

Decided March 16, 2010.

James D. Owen, for appellant.

Richard Cordray, Attorney General, and Melissa Montgomery, Assistant Attorney General, for appellee.

---

KLATT, Judge.

{¶ 1} Plaintiff-appellant, Anthony McClain, appeals from a judgment of the Franklin County Court of Common Pleas dismissing his action pursuant to the state of Ohio's motion for judgment on the pleadings. Because appellee is the proper defendant, and because the Franklin County Court of Common Pleas is a proper venue, we reverse the judgment of the trial court.

{¶ 2} On October 3, 1995, a jury in the Hamilton County Court of Common Pleas found appellant guilty of murder with a firearm specification and sentenced him to 18 years to life in prison. Approximately seven years later, appellant filed a motion for a new trial based upon newly discovered evidence. The Hamilton County trial court denied the motion.

{¶ 3} The First District Court of Appeals reversed the Hamilton County trial court's decision and remanded the case for a new trial. Following a second trial, the jury found appellant not guilty of these offenses. That judgment was entered on July 31, 2006.

{¶ 4} Appellant was incarcerated in the custody of the Ohio Department of Rehabilitation and Correction for more than ten years when he was ultimately released following the not-guilty verdict.

{¶ 5} On February 20, 2008, appellant filed a complaint for wrongful imprisonment against appellee in the Franklin County Court of Common Pleas pursuant to R.C. 2305.02 and 2743.48. Appellant sought a determination that he was a wrongfully imprisoned individual as that term is defined in R.C. 2743.48(A). Appellant obtained service on appellee by serving the attorney general of Ohio under Civ.R. 4.2(J).

{¶ 6} Appellee filed a motion for judgment on the pleadings pursuant to Civ.R. 12(C). Appellee argued that it was not the proper defendant in the action and that the Franklin County Court of Common Pleas was not a proper venue.

{¶ 7} The trial court granted appellee's motion and dismissed the case. The trial court determined that "the proper party defendant to represent the state of Ohio in this action is the prosecuting attorney for Hamilton County." The trial court also determined that "Hamilton County is the proper venue for the plaintiff's (appellant's) claims."

{¶ 8} Appellant appeals, assigning the following errors:

■ The trial court erred in granting the state of Ohio's motion for judgment on the pleadings by improperly finding that the proper party-defendant to represent the state of Ohio in an action to determine whether a person was "a wrongfully imprisoned individual," is not the state of Ohio through service on the Ohio attorney general, but rather that "the proper party to represent the state of Ohio * * * is the prosecuting attorney" for the county in which the individual was convicted.

■ The trial court erred when it granted the state of Ohio's motion for judgment on the pleadings by improperly finding that the proper venue for plaintiff's action is Hamilton as opposed to Franklin county.

■ {¶ 9} Appellant contends in his first assignment of error that the trial court erred when it granted appellee's Civ.R. 12(C) motion on the ground that appellant did not sue the proper party. We agree.

■ {¶ 10} Civ.R. 12(C) motions are specifically for resolving questions of law. *State ex rel. Midwest Pride IV, Inc. v. Pontious* (1996), 75 Ohio St.3d 565, 570, 664 N.E.2d 931; *State ex rel. Montgomery v. Purchase Plus Buyer's Group, Inc.* (Apr. 25, 2002), 10th Dist. No. 01AP–1073, 2002 WL 723707. In deciding a Civ.R. 12(C) motion, the court "must construe as true all of the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party." *Montgomery* at *2, citing *Whaley v. Franklin Cty. Bd. of Commrs.* (2001), 92 Ohio St.3d 574, 581, 752 N.E.2d 267. A court may grant the motion if it finds beyond doubt that the plaintiff can prove no set of facts in support of the claims that would entitle him or her to relief. *Pontious* at 570, 664 N.E.2d 931; *Montgomery* at *2. "Our review of the appropriateness of judgment on the pleadings is de novo." Id.; *Fontbank, Inc. v. CompuServe, Inc.* (2000), 138 Ohio App.3d 801, 807, 742 N.E.2d 674.

{¶ 11} Ohio's wrongful-imprisonment statutes, R.C. 2305.02 and 2743.48, authorize civil actions against the state to recover specified monetary awards if the plaintiff is determined to be a "wrongfully imprisoned individual." Under this

statutory scheme, a plaintiff must follow a two-step process. *Walden v. State* (1989), 47 Ohio St.3d 47, 49, 547 N.E.2d 962.

{¶ 12} In the first step, the plaintiff must prove that he or she is a wrongfully imprisoned individual entitled to compensation. A "wrongfully imprisoned individual" is a person who satisfies the requirements set forth in R.C. 2743.48(A). R.C. 2743.48 provides:

(A) As used in this section and section 2743.49 of the Revised Code, a "wrongfully imprisoned individual" means an individual who satisfies each of the following:

(1) The individual was charged with a violation of a section of the Revised Code by an indictment or information prior to, or on or after, September 24, 1986, and the violation charged was an aggravated felony or felony.

(2) The individual was found guilty of, but did not plead guilty to, the particular charge or a lesser-included offense by the court or jury involved, and the offense of which the individual was found guilty was an aggravated felony or felony.

(3) The individual was sentenced to an indefinite or definite term of imprisonment in a state correctional institution for the offense of which the individual was found guilty.

(4) The individual's conviction was vacated or was dismissed, or reversed on appeal, the prosecuting attorney in the case cannot or will not seek any further appeal of right or upon leave of court, and no criminal proceeding is pending, can be brought, or will be brought by any prosecuting attorney, city director of law, village solicitor, or other chief legal officer of a municipal corporation against the individual for any act associated with that conviction.

(5) Subsequent to sentencing and during or subsequent to imprisonment, an error in procedure resulted in the individual's release, or it was determined by a court of common pleas that the offense of which the individual was found guilty, including all lesser-included offenses, either was not committed by the individual or was not committed by any person.

{¶ 13} When a plaintiff attempts to prove that he or she is a wrongfully imprisoned individual because he or she did not commit the offense, the plaintiff must bring the action in a court of common pleas. R.C. 2305.02 and 2743.48(A)(5); *Nelson v. State,* 183 Ohio App.3d 83, 2009-Ohio-3231, 915 N.E.2d 729, ¶ 21. However, when a plaintiff attempts to prove that he or she is a wrongfully imprisoned individual because subsequent to sentencing and during or subsequent to imprisonment, an error in procedure resulted in the plaintiff's release, the plaintiff may seek that determination directly in the Court of Claims. R.C. 2743.48(A)(5). *Griffith v. State,* 10th Dist. No. 08AP–964, 2009-Ohio-2854, 2009 WL 1682007, ¶ 13; *Nelson* at ¶ 21.

{¶ 14} Once a plaintiff has secured a determination that he or she is a wrongfully imprisoned individual, the second step is to file a civil action against the state in the Court of Claims to recover an award in an amount fixed by R.C. 2743.48(E). R.C. 2743.48(B) and (D); *Walden,* 47 Ohio St.3d at 50, 547 N.E.2d 962.

{¶ 15} R.C. 2743.48(E) provides that the state is the defendant when a wrongfully imprisoned individual files suit in the Court of Claims to obtain the statutory award. However, the applicable statutes do not expressly identify who the defendant is when a plaintiff must file suit in a court of common pleas to obtain a determination that he or she is a wrongfully imprisoned individual. That is the issue raised by appellant's first assignment of error. In essence, this issue concerns what governmental entity is the real party in interest in a statutory wrongful-imprisonment case.

{¶ 16} A real party in interest is one who is directly benefited or injured by the outcome of the case. *State ex rel. Botkins v. Laws* (1994), 69 Ohio St.3d 383, 387, 632 N.E.2d 897. A "real party in interest" must have a " 'real interest in the subject matter of the litigation, and not merely an interest in the action itself, i.e., one who is *directly* benefited or injured by the outcome of the case.' " (Emphasis sic.) *Giffin v. Crestview Cadillac,* 10th Dist. No. 09AP–278, 2009-Ohio-6569, 2009 WL 4809862, ¶ 57, quoting *Shealy v. Campbell* (1985), 20 Ohio St.3d 23, 24, 20 OBR 210, 485 N.E.2d 701.

{¶ 17} When wrongful imprisonment is alleged pursuant to R.C. 2305.02 and 2743.48, the state is the real party in interest because it is the state that bears the ultimate risk of a monetary judgment. R.C. 2743.48(F)(3) ("The state consents to be sued by a wrongfully imprisoned individual because the imprisonment was wrongful, and to liability on its part because of that fact, only as provided in this section"); *Walden,* 47 Ohio St.3d at 49, 547 N.E.2d 962 (noting that the statutes were added to the Revised Code in 1986 "to authorize civil actions against the state for specified monetary amounts"). Because the state is the real party in interest, the vast majority of reported cases involving claims brought in a court of common pleas by persons attempting to prove that they were wrongfully imprisoned individuals were brought against the state or a state entity. See *Ellis v. State* (1992), 64 Ohio St.3d 391, 596 N.E.2d 428; *Chandler v. State* (1994), 95 Ohio App.3d 142, 641 N.E.2d 1382; *Ramirez v. State,* 6th Dist. No. WD–02–075, 2004-Ohio-480, 2004 WL 226109; *Smith v. State,* 3d Dist. No. 14–04–17, 2004-Ohio-4396, 2004 WL 1873696; *Lewis v. State,* 9th Dist. No. 22171, 2005-Ohio-2400, 2005 WL 1163013; *Jones v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. No. 05AP–291, 2005-Ohio-4283, 2005 WL 1983978; *State v. Moore,* 165 Ohio App.3d 538, 2006-Ohio-114, 847 N.E.2d 452; *Brown v. State,* 6th Dist. No. L–05–1050, 2006-Ohio-1393, 2006 WL 751364; *Henderson v. State,* 11th Dist. No. 2006–

T–0033, 2007-Ohio-208, 2007 WL 136135; *Walker v. State*, 5th Dist. No. 2007CA00037, 2007-Ohio-5262, 2007 WL 2852153; *Wright v. State* (1990), 69 Ohio App.3d 775, 591 N.E.2d 1279; *Gover v. State* (1993), 67 Ohio St.3d 93, 616 N.E.2d 207; *Ratcliff v. State* (1994), 94 Ohio App.3d 179, 640 N.E.2d 560; *State v. Harman* (1999), 132 Ohio App.3d 348, 724 N.E.2d 1247; *Seiber v. State*, 8th Dist. No. 81314, 2002-Ohio-6816, 2002 WL 31771250; *Murray v. State* (Feb. 21, 2002), 8th Dist. No. 78374, 2002 WL 337732; *Massey v. State* (Feb. 22, 2002), 1st Dist. No. C–010325, 2002 WL 252434; *McDermott v. State*, 5th Dist. No. 2004–CA–00178, 2004-Ohio-5560, 2004 WL 2348520; *Nelson v. State*, 5th Dist. No. 2006 AP 0061, 2007-Ohio-6274, 2007 WL 4170886.

{¶ 18} Despite the state's direct financial interest in the outcome of a wrongful-imprisonment suit, appellee argues that the proper defendant in such an action is the county prosecutor. In support of this argument, appellee cites only *Marsh v. Vigluicci* (Mar. 20, 1998), 11th Dist. No. 97–P–0076, 1998 WL 156893. This is also the authority relied upon by the trial court in dismissing the action pursuant to Civ.R. 12(C). However, the language from the *Marsh* case relied upon by appellee and the trial court is contained in a footnote that is mere dicta. The footnote was not central to the legal issue decided by the court in *Marsh*. Moreover, the footnote simply identifies an earlier ruling of the trial court in describing the procedural history of the case. Nor did the court in *Marsh* hold that the state was not the proper defendant in a wrongful-imprisonment action brought under R.C. 2305.02 and 2743.48. Therefore, *Marsh* is not persuasive authority on this issue.

{¶ 19} Lastly, in a notice of supplemental authority, appellee brought to our attention a Franklin County trial court decision wherein the court transferred a statutory wrongful-imprisonment case to the Trumbull County Court of Common Pleas based upon improper venue. *Armstrong v. State* (July 18, 2008), Franklin C.P. No. 07CVH08–11565. The court cited as authority a decision from the Portage County Common Pleas Court, *Gondor v. State* (May 22, 2008), Portage C.P. No. 2008CV00352. However, we note that the parties in *Gondor*, including the attorney general's office on behalf of the state, agreed in a March 13, 2009 stipulation attached to a journal entry that the state was the proper party defendant in the action.

{¶ 20} Because the state is the real party in interest and has consented to be sued, we find that it is the proper defendant in an action for wrongful imprisonment pursuant to R.C. 2305.02 and 2743.48. Therefore, we sustain appellant's first assignment of error.

{¶ 21} In his second assignment of error, appellant contends that the trial court erred in granting appellee's Civ.R. 12(C) motion based on a finding that venue was not proper in Franklin County. Again, we agree.

{¶ 22} Although R.C. 2305.02 specifies that a common pleas court has exclusive jurisdiction to determine whether the plaintiff is a wrongfully imprisoned individual based upon an assertion that the plaintiff did not commit the offense, neither that statute nor R.C. 2743.48 limit such an action to a particular venue. Therefore, venue is proper in any common pleas court permitted by Civ.R. 3(B). Here, venue is proper in the county in which the state, as the proper defendant, has its principal place of business. The state has its principal place of business in Franklin County, the location of the state capital. *Robertson v. Ohio Adult Parole Auth.*, 10th Dist. No. 01AP–1111, 2002-Ohio-4303, 2002 WL 1935700, ¶ 25–26. (Ohio Adult Parole Authority has its residence and principal place of business in Franklin County.)

{¶ 23} Accordingly, venue is proper in the Franklin County Court of Common Pleas.[1] Moreover, Civ.R. 4.2(K) permits service of process on the state "by serving the attorney general of the state." Therefore, appellant properly served the state with the complaint by serving the attorney general.

{¶ 24} Appellee's argument that Franklin County is not a proper venue is based on a faulty premise—that the Hamilton County prosecuting attorney is the proper defendant in this action. Because the state, not the Hamilton County prosecuting attorney, is the proper defendant, appellee's argument is misplaced. We also note that there is nothing in Civ.R. 3 that requires a plaintiff to bring his or her action in the venue most convenient for the defendant.

{¶ 25} For all these reasons, we sustain appellant's second assignment of error.

{¶ 26} Having sustained appellant's two assignments of error, we reverse the judgment of the Franklin County Court of Common Pleas, and we remand this matter to that court for further proceedings consistent with law and this decision.

Judgment reversed
and cause remanded.

BRYANT, J., concurs.

McGRATH, J., concurs separately.

McGRATH, Judge, concurring separately.

{¶ 27} Being in agreement with the reasoning and conclusions of my colleagues, I concur in the decision.

{¶ 28} Nevertheless, it seems to me that the trial of the issue of wrongful conviction would call for the direct participation of the county prosecutor who

---

1. Venue would also be proper in a county in which the defendant conducted activity that gave rise to the claim for relief. Civ.R. 3(B)(3).

obtained that conviction. Moreover, a trial held in the county where the conviction occurred would in most instances coincide with the location of relevant witnesses and evidence necessary for the adjudication. Conversely, a trial in a county some significant distance away would create inconvenience and an attendant inefficiency.

{¶ 29} However, given the current law, as set forth in this decision, assessing these matters is not a judicial option but more properly lies with the legislature, which may wish to recognize actual real interests involved and the requirement of the most convenient venue.